Elizabeth A. BISBY, Appellant,

v.

The DOW CHEMICAL COMPANY, Appellee.

No. 01–95–00792–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 15, 1996.

Scott Ramsey, Houston, for appellant.

John R. Gilbert, Laurence Boyd, Angleton, for appellee.

Before PRICE, ANDELL and TAFT, JJ.

## OPINION

PRICE *, Justice.

Appellant, Elizabeth A. Bisby, appeals by writ of error the portion of the judgment of the trial court imposing sanctions against Bisby and awarding unconditional attorney's fees for appeal. We reverse and remand that part of the judgment.

In a separate case in Harris County district court, Bisby sued Dow Chemical Company for alleged defects in her breast implants. In response to adverse discovery rulings, Bisby filed an $18 million lien in Brazoria County on all property of the district judge, Dow, and its executives and attorneys. Later, Bisby refiled her lien to include the Brazoria County district judge who presided over the case before this Court, the Brazoria County District Clerk and her husband, a deputy district clerk and her husband, and Dow's attorneys in this case.

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

In this case, Dow sued Bisby in Brazoria County to remove the liens and to enjoin her from refiling them. Bisby was personally served with citation on August 30, 1994. On September 22, 1994, she filed a document that she titled an "affidavit." Attached to the affidavit were copies of the pleadings served upon her, all stamped with the phrase "REFUSAL FOR CAUSE WITHOUT DISHONOR U.C.C. 3–501 DATE: 9–20–94."[1] The trial court signed an order granting a temporary injunction that was personally served on Bisby on October 13, 1994, notifying her of a December 1, 1994, trial setting. On November 21, 1994, by a letter delivered certified mail, return receipt requested, Dow notified Bisby of a change in the hour the trial would begin. The letter was returned opened to Dow's attorney and was stamped with the words "REFUSAL FOR CAUSE WITHOUT DISHONOR U.C.C. 3–501 DATE: 11–28–94." The record contains the return receipt signed by Bisby showing the date of delivery to be November 23, 1994.

Bisby was not present at trial, nor was she represented by counsel. On December 1, 1994, the trial court signed a final judgment invalidating the liens and permanently enjoining Bisby from refiling them. As sanctions for violating rule 13 of the Texas Rules of Civil Procedure, the trial court also unconditionally awarded Dow attorney's fees on appeal in the amount of $25,000. On December 8, 1994, Bisby was personally served with the writ of permanent injunction and a certified copy of the final judgment. In her brief, Bisby admits she was served with the writ of injunction and final judgment. She filed this appeal by way of petition for writ of error on May 31, 1995. Dow filed a motion to dismiss the petition for writ of error and filed a brief in response to the points of error raised in Bisby's petition.

### First Point of Error

Bisby argues in her first point of error that the trial court erred in imposing rule 13 sanctions against her because she did not participate at trial and because this lack of participation is apparent on the face of the record.

In its motion to dismiss, Dow argues this Court lacks jurisdiction to even consider Bisby's petition for writ of error because Bisby should have pursued an ordinary appeal. Dow points out that Bisby was given notice of the trial and was personally served with the writ of permanent injunction and a copy of the judgment within ample time for her to perfect an ordinary appeal. Dow further contends that because Bisby intentionally chose "not to participate in the judicial process," she is not entitled to the more lenient time period for a writ of error.

■ To obtain review by writ of error, a petitioner must file the writ within six months after final judgment is signed, be a party to the lawsuit, not have participated in trial, and error must be apparent on the face of the record. *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex.1985); *Havens v. Ayers,* 886 S.W.2d 506, 507 (Tex.App.—Houston [1st Dist.] 1994, no writ); TEX.R.APP.P. 45. In the present case, the facts are undisputed that the writ of error was filed timely and that Bisby was a party to the lawsuit. The issues remaining concern whether Bisby participated at trial and whether error is apparent on the face of the record.

### Participation

■ The first question we address regarding Dow's motion to dismiss is whether Bisby "participated" at trial. It is undisputed that Bisby was not present at trial, nor was she represented by an attorney. However, she was personally served with notice of the trial setting and, after trial, she received notice of the writ of injunction and a copy of the trial court's judgment.

■ Rule 45(b) denies the right to appeal by writ of error only to those who participate either in person or by their attorney in the actual trial of the case. The

---

1. U.C.C. 3–501 deals with the presentment of negotiable instruments. Without dishonoring *the instrument* the party to whom the presentment is made may return *the instrument* for lack of endorsement or refuse to accept the payment for failure of the presentment of *the instrument* to comply with the terms or agreement of the parties or other applicable rule. U.C.C. 3–501 (1994).

actual trial is defined as the hearing in open court. *Lawyers Lloyds of Texas v. Webb,* 152 S.W.2d 1096, 1098 (Tex.1941). "[I]t is the fact of nonparticipation, not the reason for it, that determines the right to appeal by writ of error." *Texaco, Inc. v. Central Power & Light Co.,* 925 S.W.2d 586, 590 (Tex. 1996).

Indeed, as Dow points out, Bisby could have filed an ordinary appeal. However, the fact she chose not to is not dispositive of this appeal; the fact remains she did not participate at the scheduled hearing in open court.

**Error on the face of the record**

■ The second question we consider is whether error is present on the face of this record. We find that error is present because (1) Bisby did not receive notice that sanctions may be levied against her and (2) the trial court failed to conduct a hearing on the issue of sanctions. In fact, during trial, the court expressed its concerns that appellant had not been provided notice of Dow's motion for sanctions. Dow's counsel informed the court that notice was not necessary since, in its opinion, Bisby would not appear anyway.

■ Under rule 13 of the Texas Rules of Civil Procedure, sanctions may be imposed against an attorney or party who files a pleading that is groundless and brought in bad faith or groundless and brought for the purpose of harassment. *McCain v. NME Hospitals, Inc.,* 856 S.W.2d 751, 757 (Tex. App.—Dallas 1993, no writ). "If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, *after notice and hearing,* shall impose an appropriate sanction ..." Tex. R.Civ.P. 13. (emphasis added). Before sanctions may be imposed, the trial court must hold an evidentiary hearing to make necessary factual determinations about the motives and credibility of the person signing the alleged groundless petition. *New York Underwriters Ins. Co. v. State Farm Mut. Auto Ins. Co.,* 856 S.W.2d 194, 205 (Tex.App.— Dallas 1993, no writ). Without hearing evidence on the circumstances surrounding the

filing of pleadings, the trial court has no evidence to determine whether a party filed the pleadings in bad faith or with the intent to harass. *Id.*

In its judgment, the trial court imposed sanctions against Bisby based upon her "filing the three pleadings in this case entitled 'This affidavit is a refusal for Cause Without Dishonor U.C.C. 3–501 and Notice of Default and Notice of Acquiescence of Lien Debtors to Validity of Bona Fide Liens.'"

Dow argues that because it included a provision in its original petition requesting exemplary damages, Bisby was on notice that sanctions may be levied against her.[2] However, according to the petition, the exemplary damages sought by Dow were based upon Bisby's recording of improper liens, for her refusal to remove this cloud on Dow's title, and for returning a letter sent to her by Dow with the stamped notation "Refusal for Cause Without Dishonor U.C.C. 3–501 Date: 6–16–94." Dow did not seek sanctions based upon Bisby's filing of the three pleadings mentioned in the trial court's judgment.

Bisby was denied the opportunity to have a hearing and present evidence to demonstrate that her pleadings were not groundless, brought in bad faith or meant to harass. Because Bisby was not put on notice that sanctions would be imposed upon her for filing the three above-described pleadings, the trial court erred in assessing sanctions. Accordingly, we sustain Bisby's first point of error.

## Second Point of Error

■ In her second point of error, Bisby argues the trial court erred in awarding attorney's fees on appeal to Dow without conditioning the award upon the success of the appeal.

In addition to an award of $11,127.54 to Dow for reasonable attorney's fees through the trial of this matter, the trial court awarded "an additional ＿＿ Dollars ($15,000), against any party that appeals this case to

---

2. Dow argues that the request for exemplary damages itself constituted a request that sanc-

tions be levied against Bisby.

the Texas Court of Appeals." It is this additional $15,000 that Bisby argues was improper.

A trial court may not penalize a party for taking a successful appeal. *Sipco Serv. Marine v. Wyatt Field Serv.*, 857 S.W.2d 602, 607–608 (Tex.App.—Houston [1st Dist.] 1993, no writ). An unconditional award of an appellant's attorney's fees is improper. *Id.*

Here, the trial court erroneously awarded Dow attorney's fees on appeal without placing any conditions upon the award. Because we sustained Bisby's first point of error, the error in awarding Dow's attorney's fees on appeal was harmful.

Therefore, we overrule Dow's motion to dismiss, grant Bisby's petition for writ of error, and reverse and remand the part of the judgment at issue here for further proceedings consistent with this opinion.

