Supplemental Opinion issued July 21, 2005 



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00091-CV




HARPREET KANG AND RAJINDER K. KANG, Appellants

V.

BARBARA KEEN AND REAL ESTATE CHAMPIONS, Appellees




On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2001-2847




SUPPLEMENTAL MEMORANDUM OPINION ON MOTION FOR
REHEARING

          In their motion for rehearing, the Kangs contend that this Court erroneously
analyzed the trial court’s award of attorney’s fees to Champions under § 17.50 of the
Deceptive Trade Practices Act, rather that Rules 13 and 214-2(b) of the Rules of Civil
Procedure. Specifically, the Kangs contend that Champions abandoned its request
for sanctions under the DTPA when it filed its First Amended Counterclaim. We
disagree. While Champions’ First Amended Counterclaim specifically references
Rules 13 and 214-2(b) of the Rules of Civil Procedure, it also asserts that “Plaintiff’s
Original Petition is groundless and brought in bad faith or brought for purposes of
harassment . . .” These are all grounds for an award of attorney’s fees under §
17.50(c) of the DTPA. Because the Kangs’ petition contained a claim under the
DTPA, Champions specifically requested a finding that the Kangs’ Original Petition
was groundless and brought in bad faith, and the trial court’s judgment awards
Champions “25,000.00 in satisfaction of all reasonable and necessary attorneys’ fees
and expenses in defending [the Kangs’] groundless claims brought in bad faith,” this
Court properly analyzed the judgment under § 17.50(c) of the DTPA. As such, we
need not also address the propriety of the attorney’s fees award under any other
provision.
          The Kangs also contend on rehearing that the trial court could not award
attorney’s fees based on the fact that they filed an Amended Petition after the trial
court found their Original Petition to be groundless. This contention is based on case
law holding that a party cannot be sanctioned for filing a pleading unless there has
been a hearing inquiring into the party’s purpose in filing it. See Bisby v. Dow Chem.
Co., 931 S.W.2d 18, 21, (Tex. App.—Houston [1st Dist.] 1996, no writ). The Kangs
point out that, although there was a hearing on September 6, 2002, after which the
trial court determined that their Original Petition was groundless, there was never
another hearing after they filed their Amended Petition on September 20, 2002.
          This Court’s analysis of the attorney’s fee issue did not consider the Amended
Petition. Instead, we analyzed whether the trial court’s finding that the Original
Petition was groundless was correct. The fact that the trial court found the filing of
the Amended Petition also to be groundless is irrelevant. The trial court’s judgment
states that “[t]he filing of the Amended Petition was done with knowledge of the
court’s prior finding that the claims [in the Original Petition] were groundless. Such
a filing in the face of the trial court’s ruling as well as prior conduct of Plaintiffs and
their counsel are sufficient to show good cause for sanctions and judgment against
Plaintiffs and their counsel.” (Emphasis added).
          The record clearly shows that the trial court found the filing of the Original
Petition, as well as the Amended Petition, to be groundless. The trial court’s finding
that the Original Petition was groundless is sufficient to support an award of
attorney’s fees to Champions, as we discussed in our opinion.
          Finally, the Kangs argue that the Court erred by holding that Champions
presented legally sufficient evidence to show that the fixtures had been removed from
the house before the Kangs ever agreed to purchase the house. Specifically, the
Kangs argue that it is equally likely that the fixtures were placed in the house after
July 1998 (the date the photographs depicting the house without expensive fixtures
were developed), and then removed after the Kangs agreed to purchase the house, as
it is that the fixtures were removed before the photographs were taken and never
replaced. Because, the Kangs argue, the two competing inferences are equally likely
to have occurred, Champions’ evidence is legally insufficient.
          The equal inference rule provides that a fact finder may not reasonably infer
an ultimate fact from meager circumstantial evidence “which could give rise to any
number of inferences, no more probable than another.” Hammerly Oaks, Inc. v.
Edwards, 958 S.W.2d 387, 392 (Tex. 1997). Thus, in cases with only slight
circumstantial evidence, something else must be found in the record to corroborate
the probability of the fact’s existence or non-existence. Lozano v. Lozano, 52 S.W.3d
141, 148 (Tex. 2001) (C.J. Phillips, concurring).
          There is not an equal likelihood that the fixtures were removed for the
photographs, replaced in the house when the Kangs agreed to buy the house, and
removed again after the sale, as it is that the fixtures were removed from the house
and sold before the Kangs agreed to buy the house. There is evidence tending to
corroborate Champions’ positions that the fixtures were removed and sold before the
Kangs ever agreed to purchase the house. First, we note that the 8,000 square foot
house was sold for just $350,000, which supports the inference that the house was
been sold in a “stripped down” condition. Second, several of the photographs, which
were taken before the Kangs agreed to buy the house, show price tags on the fixtures,
supporting the inference that the fixtures were being removed from the house and
sold. Because the inferences arising from the photographic evidence are not equally
plausible, this Court concluded that Champions had presented legally sufficient
evidence in support of its motion for summary judgment.
          We OVERRULE the Kangs’ motion for rehearing, as well as all other pending
motions.
 
                                                                        Sherry Radack
                                                                        Chief Justice

Panel consists of Chief Justice Radack and Justices Keyes and Alcala.