Opinion issued June 28, 2007 















Opinion
issued June 28, 2007










 

 

 

 




 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-00796-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



WILLIAM BLOODWORTH II, Appellant

 

V.

 

KRISTI ADEN,
Appellee

 

 



On Appeal from the 278th District Court

Walker County, Texas

Trial Court Cause No. 14153C

 








 



MEMORANDUM OPINION

 

William Bloodworth II appeals the
trial court’s order granting appellee Kristi Aden’s motion for sanctions.  In four issues,
Bloodworth contends the trial court erred in submitting the sanctions issue to
the jury, and in imposing a sanction against Bloodworth personally instead of
against William D. Bloodworth II, PLLC. 
We conclude that (1) any error in the
submission of the sanctions issue to the jury was harmless, and (2) the trial
court did not abuse its discretion in sanctioning Bloodworth personally.  We therefore affirm.  

Background

          Kristi
petitioned the trial court to modify a child support order against her
ex-husband, Steven Wayne Aden.  Steven
hired Bloodworth to represent him in the lawsuit.  Bloodworth answered the lawsuit and filed a
counterclaim on Steven’s behalf.  The
counterclaim sought to modify the trial court’s conservatorship order.  Kristi moved for sanctions against
Bloodworth, asserting that the counterclaim was frivolous and filed in
violation of section 10.001 of the Texas Civil Practice and Remedies Code and
Rule 13 of the Texas Rules of Civil Procedure. 
See Tex. Civ. Prac. & Rem. Code Ann. § 10.001 (Vernon 2002); Tex. R. Civ. P. 13.

          Steven
thereafter fired Bloodworth because he felt that Bloodworth had misled him with
regard to filing a counterclaim.  The
trial court granted Bloodworth’s motion to withdraw from his representation of
Steven.  Bloodworth then intervened in
the lawsuit between Steven and Kristi, asserting claims against Steven for
breach of contract and sworn account, and challenging Kristi’s motion for
sanctions.  Steven counterclaimed against
Bloodworth, asserting claims for legal malpractice, fee forfeiture, and violations
of the Deceptive Trade Practices Act. 
Steven and Bloodworth, however, eventually nonsuited their claims
against one another.

          At
the hearing on the motion for sanctions, Steven testified that he never
authorized Bloodworth to file the counterclaim to modify the conservatorship
order.  Rather, Steven told Bloodworth
simply that he would like more visitation with his daughter.  When Steven asked Bloodworth why he had filed
the counterclaim to modify conservatorship, Bloodworth responded, “that’s the
way us lawyers do that.  You know, give
the Judge some playing room to go in there and settle for something in
between.”  

          Kristi
testified that she paid $25,000 to retain an attorney to defend the
conservatorship counterclaim.  Kristi had
to borrow money from her grandmother to pay the retainer.  Kristi’s attorney testified that he billed
$32,131.83 in this case.

          Bloodworth
testified that Steven came to his office and informed him of the various
problems he was having with Kristi concerning custody of the couple’s
daughter.  Bloodworth explained to Steven
the various actions he could take to remedy the problems, and asked Steven to
discuss the options with his most “trusted advisors.”  Bloodworth testified that Steven gave him
permission to file the counterclaim to modify conservatorship.

          At
the end of the hearing, the trial court submitted the sanctions issue to the
jury.  The jury found that Steven’s
counterclaim against Kristi seeking to modify the trial court’s conservatorship
order was frivolous.  The jury also found
that Bloodworth should pay Kristi $8,250 in attorney’s fees as a sanction for
filing the frivolous counterclaim on Steven’s behalf.  The trial court entered an order against
Bloodworth, stating:

IT IS ORDERED that the pleadings filed in this matter
by William Bloodworth, III [sic] were found to be frivolous, groundless and
baseless by a jury and this Court.  The
fact that William Bloodworth, III [sic] filed fictitious pleadings causing this
matter to become a custody issue in order to harass and intimidate Kristi Aden
and against the wishes of his client, Steven Aden created a frivolous,
groundless and baseless cause of action, with the intent to harass Kristi
Aden.  Therefore, IT IS ORDERED by this
Court that a money judgment is rendered against William Bloodworth, III [sic]
as sanctions and in favor of Kristi Aden in the amount of $8,250.00.  Further, it is an ORDER of this Court that
William Bloodworth, III [sic] make payment to Kristi Aden on or before 5:00
p.m. on _______________, 2005. 

 

Jury Trial

          In
his first three issues, Bloodworth contends the trial court erred in submitting
the sanctions issue to the jury.

Filing a frivolous pleading is
litigation misconduct subject to sanction under Chapter 10 of the Texas Civil
Practice and Remedies Code and Texas Rule of Civil Procedure 13.  Tex.
Civ. Prac. & Rem. Code Ann. §§ 10.001–10.006 (Vernon 2002); Tex. R. Civ. P. 13; Low v. Henry, 221 S.W.3d 609, 614 (Tex. 2007); Am.
Transitional Care Ctrs. of Tex., Inc. v.
Palacios, 46 S.W.3d 873, 878 (Tex.
2001).  If a sanction order refers to a
specific rule, either by citing the rule, tracking its language, or both, we
determine whether the sanction is appropriate under that particular rule.  Finlay v. Olive, 77 S.W.3d 520, 524 (Tex. App.—Houston
[1st Dist.] 2002, no pet.). 
In this case, the trial court’s sanction order tracks the language of
Rule 13.  See Tex. R. Civ. P.
13.  

Texas Rule of Civil Procedure 13 provides for
sanctions if a party files a pleading that is “groundless and brought in
bad faith or groundless and brought for the purpose of harassment.”  Id.  “Groundless” means no basis in
law or fact and not warranted by a good faith argument for the extension,
modification, or reversal of existing law.  Id.  Rule 13 requires the trial court to hold an
evidentiary hearing to make the necessary factual determinations
about the motives and credibility of the person signing the allegedly groundless
petition.  Id.;
Bisby v. Dow Chem. Co.,
931 S.W.2d 18, 21 (Tex. App.—Houston [1st Dist.] 1996, no writ).  A court may not impose sanctions under Rule
13 “except for good cause, the particulars of which must be stated in the
sanction order.”  Tex. R. Civ. P. 13.

The decision to impose Rule 13 sanctions and the
existence of groundlessness, bad faith, and harassment are questions of law for
the court.  See id. (“If a pleading,
motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and
hearing, shall impose an appropriate sanction available under Rule 215-2b, upon the person who signed it, a
represented party, or both.”  (emphasis added)); Trevino v. Ortega,
969 S.W.2d 950, 954 (Tex.
1998); Donwerth
v. Preston II Chrysler-Dodge, Inc., 775 S.W.2d 634, 636 (Tex. 1989);
Riddick
v. Quail
 Harbor
Condo. Ass’n, Inc., 7 S.W.3d 663, 677–78 (Tex. App.—Houston [14th
Dist.] 1999, no pet.); Falk & Mayfield L.L.P. v. Molzan,
974 S.W.2d 821, 823 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (“We hold, therefore, that
a trial court may, under appropriate circumstances, impose sanctions under Rule
13 in excess of the costs or expenses incurred by the defendant.”).
 “There is no right to a trial by jury on the
issue of whether rule 13 has been violated.”  Neely v. Comm’n for Lawyer Discipline,
976 S.W.2d 824, 827–28 (Tex. App.—Houston [1st Dist.] 1998, no pet.); see also Brantley v. Etter, 677 S.W.2d 503, 504
(Tex. 1984) (rejecting proposition that “one complaining of the
award of attorney’s fees as sanctions has the right to a jury trial to
determine the amount of such attorney’s fees” and holding that “the amount of
attorney’s fees awarded as sanctions for discovery abuse is solely within the
sound discretion of the trial judge, only to be set aside upon a showing of
clear abuse of that discretion”); Bradt v. Sebek, 14 S.W.3d 756, 763 n.2
(Tex. App.—Houston [1st Dist.] 2000, pet. denied).

A trial court errs if it submits a question of
law to the jury.  See Knutson v.
Ripson, 163 Tex.
312, 314, 354 S.W.2d 575, 576 (1962); Hudson Buick, Pontiac, GMC Truck Co.
v. Gooch, 7 S.W.3d 191, 195
(Tex. App.—Tyler 1999, pet. denied); Markert v. Williams, 874 S.W.2d 353, 356 (Tex.
App.—Houston [1st Dist.] 1994, writ denied). 
Absent a showing of extraneous prejudice, however, such error is
harmless since no harm results if it is answered as the trial court should have
answered it, or it can be deemed immaterial and disregarded by the trial court
if answered incorrectly.  See Tex.
R. App. P. 44.1(a)(1); Spencer v. Eagle Star Ins. Co. of Am., 876 S.W.2d 154, 157 (Tex. 1994) (“A
question which calls for a finding beyond the province of the jury, such as a
question of law, may be deemed immaterial.”); Med. Towers, Ltd. v. St. Luke’s
Episcopal Hosp., 750 S.W.2d
820, 826 (Tex. App.—Houston [14th Dist.] 1988, writ denied).  

In this case, the trial
court’s sanction order states, “the pleadings filed in this matter by William Bloodworth, III
[sic] were found to be frivolous, groundless and baseless by a jury and this Court.”  (emphasis added).  This language indicates that the
trial court made the necessary findings to support the sanction order separate
from the jury’s findings.  The
order further provides:

The fact that William Bloodworth, III [sic] filed
fictitious pleadings causing this matter to become a custody issue in order to
harass and intimidate Kristi Aden and against the wishes of his client, Steven
Aden created a frivolous, groundless and baseless cause of action, with the
intent to harass Kristi Aden.  Therefore,
IT IS ORDERED by this Court that a money judgment is rendered against William
Bloodworth, III [sic] as sanctions and in favor of Kristi Aden in the amount of
$8,250.00.  

 

The trial court complied
with the requirements of Rule 13 in that it held an evidentiary hearing on the
sanctions issue, and its order particularly states the good cause for issuing
the sanction.  See
Tex. R. Civ. P. 13; Gaspard v. Beadle, 36 S.W.3d 229, 239
(Tex. App.—Houston [1st Dist.] 2001,
pet. denied) (“A trial court’s failure to specify the good cause
for sanctions in a sanction order may be an abuse of discretion.”); Bisby, 931 S.W.2d at 21.  Because the trial court made the necessary
findings to support the sanction order on its own, the jury’s answers to the
charge questions on sanctions could have been deemed immaterial and disregarded
by the trial court if answered incorrectly. 
See Tex. R. App. P. 44.1(a)(1); Spencer, 876 S.W.2d at 157; Med. Towers, 750 S.W.2d at 826.  We therefore hold that any error in the
submission of the sanctions issue to the jury was harmless.
 See
Tex. R. App. P.
44.1(a)(1).

  

Professional Limited Liability Company

In his fourth issue, Bloodworth
contends the trial court erred in imposing a sanction against him personally
instead of against William D. Bloodworth II, PLLC.  Bloodworth admitted a certificate of
incorporation at the sanctions hearing demonstrating that he operates his law
practice as a professional limited liability company (PLLC).[1]  Bloodworth asserts that he acted on behalf of
William D. Bloodworth II, PLLC when he signed the groundless pleading, and is
therefore protected from personal liability for the sanction under the Texas
Limited Liability Company Act.  See Tex. Rev. Civ. Stat. Ann. art. 1528n,
§ 4.03(A) (Vernon Supp. 2006) (“Except as and to the
extent the regulations specifically provide otherwise, a member or manager is
not liable for the debts, obligations or liabilities of a limited liability
company including under a judgment decree, or order of a
court.”).

Under the Texas Government Code, the “practice
of law” means 

the preparation of a pleading or other
document incident to an action or special proceeding or the management of the
action or proceeding on behalf of a client before a judge in court as well as a
service rendered out of court, including the giving of advice or the rendering
of any service requiring the use of legal skill or knowledge, such as preparing
a will, contract, or other instrument, the legal effect of which under the
facts and conclusions involved must be carefully determined.

 

Tex. Gov’t Code Ann. § 81.101(a) (Vernon 2005).  The practice of law in Texas
is restricted to members of the State Bar, with limited exceptions permitted by
the Texas Supreme Court.  Id. §
81.102 (Vernon 2005); In re Nolo Press/Folk Law, Inc.,
991 S.W.2d 768, 770 (Tex. 1999).  The State Bar is composed
of those persons licensed to practice law in Texas.  Tex. Gov’t Code Ann. § 81.051(a) (Vernon
2005).

          Texas Rule of Civil
Procedure 13 provides: “If a
pleading, motion or other paper is signed in violation of this rule, the court,
upon motion or upon its own initiative, after notice and hearing, shall impose
an appropriate sanction available under Rule 215-2b, upon the person who signed
it, a represented party, or both.”  Tex. R. Civ. P. 13.  

Bloodworth has a license to practice law and he acted in his professional capacity
when he signed the pleading at issue in this case.[2]  As the “person who signed” the
pleading, Bloodworth subjected himself to personal liability for the sanction
resulting from the pleading.  Id.  We hold that the trial court
did not abuse its discretion in sanctioning Bloodworth personally.  

Conclusion

          We
hold that (1) any error in the submission of the
sanctions issue to the jury was harmless, and (2) the trial court did not abuse
its discretion in sanctioning Bloodworth personally.  We therefore affirm
the order of the trial court. 

 

 

                                                                   Jane Bland

                                                                   Justice

 

Panel consists of Justices Nuchia,
Hanks, and Bland.

 











[1] Bloodworth formed his PLLC before January 1,
2006.  The Texas Business Organizations
Code therefore will not apply to the PLLC until January 1, 2010.  See
Tex. Bus. Orgs. Code Ann. §
402.005(b) (Vernon Supp. 2006).  Until then, the Texas Limited Liability
Company Act remains applicable.  See Tex.
Rev. Civ. Stat. Ann. art. 1528n (Vernon
Supp. 2006). 





[2] An attorney may also subject his law firm to
liability for a sanction in certain circumstances.  See
Finlay
v. Olive, 77 S.W.3d 520, 527 (Tex.
App.—Houston [1st Dist.] 2002, no pet.)
(upholding sanction against attorney and his law firm);
Kiefer v. Cont’l Airlines, Inc.,
10 S.W.3d 34, 41 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (affirming
sanction against law firm for introducing certain witnesses at hearing on
motion for new trial).