

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00092-CV

**JAMES E. BRACKENS, ET AL,**

　　　　　　　　　　　　　　　　　　**Appellants**

 **v.**

**TENISON OIL COMPANY, HESS CORPORATION,**

　　　　　　　　　　　　　　　　　　**Appellees**

From the 87th District Court
Freestone County, Texas
Trial Court No. 10-025B

## MEMORANDUM OPINION

This is an appeal from the trial court's orders granting Tenison Oil Company and

Hess Corporation's motions for sanctions. We reverse and remand.

### Background Facts

James E. Brackens along with numerous other individuals[1] filed suit against

Tenison Oil Company and Hess Corporation[2] in 2010. They claimed to own an

---

[1] We will refer to the appellants collectively as Brackens.

[2] A third defendant was named in the original petition who is not a party to this appeal.

undivided interest in 150 acres of land that they contend was fraudulently taken from their ancestor in 1915. The suit alleged several causes of action including: failure to properly account for royalty, fraud, trespass, and conversion. Hess and Tenison both filed motions for summary judgment.

The motions for summary judgment were set to be heard on February 11, 2011. On February 2, 2011, Brackens filed a motion for continuance. Brackens then filed an amended petition on February 3, 2011. On the day of the summary judgment hearing, Brackens filed a motion for nonsuit, and the trial court entered an order of nonsuit.

Tenison filed a motion for sanctions on February 24, 2011. Tenison stated that it incurred in excess of $10,000 in expenses defending the unmeritorious claims. Tenison specifically requested $1,875.00 as sanctions representing the costs to prepare for and travel to Fairfield for the summary judgment hearing. Tenison did not indicate whether the $1,875.00 includes the cost of attending the sanctions hearing that they requested. The trial court entered an order without a hearing awarding Tenison $1,875.00 in sanctions on February 24, 2011. The trial court entered an amended order on March 11, 2011.

Hess filed a motion for sanctions on March 1, 2011. Hess requested $1,810.00 as sanctions for the cost of preparation for and travel to the summary judgment hearing. Hess requested a hearing on the motion but also did not indicate whether this amount would include costs to attend this hearing. The trial court entered an order without a hearing awarding Hess $1,810.00 in sanctions on March 3, 2011. Brackens appeals from the trial court's orders awarding sanctions to Tenison and Hess.

**Argument**

In the sole issue on appeal, Brackens argues that the trial court abused its discretion in awarding sanctions without due process. Brackens specifically argues that the trial court erred in not holding a hearing on the motions for sanctions.

Tenison and Hess sought sanctions pursuant to TEX. R.CIV. P. 13 and TEX. CIV. PRAC.& REM. CODE ANN. § 10.001 *et seq* (West 2002). The trial court's orders do not specify the provision relied upon in awarding sanctions.

TEX. CIV. PRAC. & REM. CODE ANN. § 10.003 (West 2002) states that the court shall provide a party the subject of a motion for sanctions "notice of the allegations and a reasonable opportunity to respond to the allegations."

Under Rule 13, sanctions may be imposed against an attorney or party who files a pleading that is groundless and brought in bad faith or groundless and brought for the purpose of harassment. TEX. R. CIV. P. 13; *Bisby v. Dow Chemical Company*, 931 S.W.2d 18, 21 (Tex. App.—Houston [1st Dist.] 1996, no writ). Rule 13 provides that if a pleading, motion or other paper is signed in violation of the Rule, the court may upon motion or upon its own initiative, "after notice and a hearing," impose an appropriate sanction. TEX. R. CIV. P. 13. Rule 13 requires the trial court to hold an evidentiary hearing to make necessary factual determinations about the motives and credibility of the person signing the alleged groundless petition. *Bisby v. Dow Chemical Company*, 931 S.W.2d at 21; *New York Underwriters Ins. Co. v. State Farm Mutual Auto Insurance Co.*, 856 S.W.2d 194, 205 (Tex. App.—Dallas 1993, no writ).

Hess argues that Brackens waived his complaint that he did not receive due process citing *Low v. Henry* as authority. *Low v. Henry* 221 S.W.3d 609 (Tex. 2007). In *Low*, the appellant argued that he did not have adequate notice of the hearing and that he did not receive any notice that that the appellees were seeking sanctions under Chapter 10 of the Texas Civil Practice and Remedies Code. The Court found that the appellant did not preserve his complaint for review. *Low v. Henry* 221 S.W.3d at 618. However, in *Low*, the trial court held a hearing as required by Rule 13. The appellant in *Low* had notice of the hearing and attended the hearing. The Court found that the appellant waived his complaint about the subject matter of the hearing, but not the hearing itself.

Brackens was entitled to a hearing on the motions for sanctions, and did not waive the complaint on appeal. Brackens also asked that the trial court be ordered to enter an order denying sanctions. Since none of the parties had the opportunity to present their evidence in support or defense of the motions for sanctions, we decline to do this. We sustain the sole issue on appeal.

## Conclusion

We reverse the trial court's orders granting the motions for sanctions of Tenison and Hess. We remand the cause to the trial court for further proceedings.


AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Reversed and remanded
Opinion delivered and filed August 24, 2011
[CV06]