IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00092-CV

 

James E. Brackens, et al,

                                                                                    Appellants

 v.

 

Tenison Oil Company, Hess Corporation,

                                                                                    Appellees

 

 

 



From the 87th District
Court

Freestone County, Texas

Trial Court No. 10-025B

 



MEMORANDUM  Opinion



 

This is an appeal from the trial court’s
orders granting Tenison Oil Company and Hess Corporation’s motions for
sanctions.   We reverse and remand. 

Background Facts

James E. Brackens along with numerous
other individuals[1]
filed suit against Tenison Oil Company and Hess Corporation[2]
in 2010.  They claimed to own an undivided interest in 150 acres of land that
they contend was fraudulently taken from their ancestor in 1915.  The suit
alleged several causes of action including: failure to properly account for royalty,
fraud, trespass, and conversion.  Hess and Tenison both filed motions for
summary judgment.

            The motions for summary
judgment were set to be heard on February 11, 2011.  On February 2, 2011,
Brackens filed a motion for continuance.  Brackens then filed an amended
petition on February 3, 2011.  On the day of the summary judgment hearing,
Brackens filed a motion for nonsuit, and the trial court entered an order of
nonsuit.

            Tenison filed a motion for
sanctions on February 24, 2011.  Tenison stated that it incurred in excess of
$10,000 in expenses defending the unmeritorious claims.  Tenison specifically
requested $1,875.00 as sanctions representing the costs to prepare for and
travel to Fairfield for the summary judgment hearing.  Tenison did not indicate
whether the $1,875.00 includes the cost of attending the sanctions hearing that
they requested.  The trial court entered an order without a hearing awarding
Tenison $1,875.00 in sanctions on February 24, 2011.  The trial court entered
an amended order on March 11, 2011.

            Hess filed a motion for
sanctions on March 1, 2011.  Hess requested $1,810.00 as sanctions for the cost
of preparation for and travel to the summary judgment hearing.  Hess requested
a hearing on the motion but also did not indicate whether this amount would
include costs to attend this hearing.  The trial court entered an order without
a hearing awarding Hess $1,810.00 in sanctions on March 3, 2011.  Brackens
appeals from the trial court’s orders awarding sanctions to Tenison and Hess.

Argument

            In the sole issue on appeal,
Brackens argues that the trial court abused its discretion in awarding
sanctions without due process.  Brackens specifically argues that the trial
court erred in not holding a hearing on the motions for sanctions.

            Tenison and Hess sought
sanctions pursuant to Tex. R.Civ. P. 13
and Tex. Civ. Prac.& Rem. Code Ann.
§ 10.001 et seq (West 2002).  The trial court’s orders do not specify
the provision relied upon in awarding sanctions.

Tex. Civ. Prac.
& Rem. Code Ann. §
10.003 (West 2002) states that the court shall provide a party the subject of a
motion for sanctions “notice of the allegations and a reasonable opportunity to
respond to the allegations.”

Under Rule 13, sanctions may be imposed
against an attorney or party who files a pleading that is groundless and
brought in bad faith or groundless and brought for the purpose of harassment.  Tex. R. Civ. P. 13; Bisby v. Dow
Chemical Company, 931 S.W.2d 18, 21 (Tex. App.—Houston [1st Dist.] 1996, no
writ).  Rule 13 provides that if a pleading, motion or other paper is signed in
violation of the Rule, the court may upon motion or upon its own initiative,
“after notice and a hearing,” impose an appropriate sanction.  Tex. R. Civ. P. 13.  Rule 13 requires
the trial court to hold an evidentiary hearing to make necessary factual
determinations about the motives and credibility of the person signing the
alleged groundless petition.  Bisby v. Dow Chemical Company, 931 S.W.2d
at 21; New York Underwriters Ins. Co. v. State Farm Mutual Auto Insurance
Co., 856 S.W.2d 194, 205 (Tex. App.—Dallas 1993, no writ).

            Hess argues that Brackens
waived his complaint that he did not receive due process citing Low v. Henry
as authority.  Low v. Henry 221 S.W.3d 609 (Tex. 2007).  In Low,
the appellant argued that he did not have adequate notice of the hearing and
that he did not receive any notice that that the appellees were seeking
sanctions under Chapter 10 of the Texas Civil Practice and Remedies Code.  The
Court found that the appellant did not preserve his complaint for review.  Low
v. Henry 221 S.W.3d at 618.  However, in Low, the trial court held a
hearing as required by Rule 13.  The appellant in Low had notice of the
hearing and attended the hearing.  The Court found that the appellant waived
his complaint about the subject matter of the hearing, but not the hearing
itself.

Brackens was entitled to a hearing on
the motions for sanctions, and did not waive the complaint on appeal.  Brackens
also asked that the trial court be ordered to enter an order denying
sanctions.  Since none of the parties had the opportunity to present their
evidence in support or defense of the motions for sanctions, we decline to do
this.  We sustain the sole issue on appeal.

Conclusion

            We reverse the trial court’s
orders granting the motions for sanctions of Tenison and Hess.  We remand the
cause to the trial court for further proceedings.

 

 

AL SCOGGINS

                                                                        Justice

 




Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Reversed
and remanded

Opinion
delivered and filed August 24, 2011

[CV06]









 









[1]
We will refer to the appellants collectively as Brackens. 

 





[2] 
A third defendant was named in the original petition who is not a party to this
appeal.