ACCEPTED
01-14-00710-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/2/2015 8:58:23 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-14-00710-CV

## IN THE COURT OF APPEALS
## FOR THE FIRST JUDICIAL DISTRICT OF TEXAS AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
2/2/2015 8:58:23 PM
CHRISTOPHER A. PRINE
Clerk

### LEA PERCY MCLAURIN,
**APPELLANT**

**v.**

### SCOTT SUTTON MCLAURIN,
**APPELLEE**

On appeal from the 309th Judicial District Court
Harris County, Texas | Cause No. 2009-06775

## APPELLANT'S BRIEF

Respectfully submitted,

LAW OFFICE OF DANIEL J. LEMKUIL
**Daniel J. Lemkuil**
State Bar No. 00789448
1314 Texas Avenue, Suite 1515
Houston, Texas 77002
Telephone: 713-993-9100
Facsimile: 713-225-0099
daniel_lemkuil@flash.net

LAW OFFICE OF JANICE L. BERG
**Janice L. Berg**
State Bar No. 24064888
1314 Texas Avenue, Suite 1515
Houston, Texas 77002
Telephone: 713-993-9100
Facsimile: 713-225-0099
janice@janiceberglaw.com

## ATTORNEYS FOR APPELLANT

## ORAL ARGUMENT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

**Appellant/Movant**
**LEA PERCY McLAURIN** (former wife)

Representing Appellee at Trial:
**Daniel J. Lemkuil**
State Bar No. 00789448
1314 Texas Avenue, Suite 1515
Houston, Texas 77002
Telephone: (713) 993-9100
Facsimile: (713) 225-0099
daniel_lemkuil@flash.net

Representing Appellant on Appeal:

| **Daniel J. Lemkuil** | **Janice L. Berg** |
|---|---|
| State Bar No. 00789448 | State Bar No. 24064888 |
| 1314 Texas Avenue, Suite 1515 | 1314 Texas Avenue, Suite 1515 |
| Houston, Texas 77002 | Houston, Texas 77002 |
| Telephone: (713) 993-9100 | Telephone: (713) 993-9100 |
| Facsimile: (713) 225-0099 | Facsimile: (713) 225-0099 |
| daniel_lemkuil@flash.net | janice@janiceberglaw.com |

**Respondent**
**HON. SHERI Y. DEAN**
Judge of 309th Judicial District Court of Harris County, Texas

**Appellee/Respondent**
**SCOTT SUTTON McCLAURIN** (former husband)

Representing Appellant at Trial:
**Richard L. Flowers, Jr.**
State Bar No. 07180500
5020 Montrose Boulevard, Suite 700
Houston, Texas 77007
Telephone: (713) 654-1415
Facsimile: (713) 654-9898
service@rflowerslaw.com

Representing Appellee on Appeal:
Todd M. Frankfort
State Bar No. 00790711
5020 Montrose Boulevard, Suite 700
Houston, Texas 77007
Telephone:  (713) 654-1415
Facsimile:   (713) 654-9898
todd@rflowerslaw.com

# TABLE OF CONTENTS

Identity of Parties and Counsel ..................................................................................... ii

Table of Contents ......................................................................................................... iv

Index of Authorities .................................................................................................... vii

Statement of the Case ................................................................................................... x

Statement Regarding Oral Argument ........................................................................... x

Appellee's Issues Presented ......................................................................................... xi

    Issue 1:  The trial court erred in granting sanctions as the case was neither frivolous nor brought in bad faith. The pre-trial investigation made was adequate. The entry of the findings and resulting order are contrary to the evidence and are, thus, an abuse of discretion. ................................................................. xi

    Issue 2:  The imposition of a date and time certain for the payment of the sanctions award was an abuse of discretion, as the court has no authority or jurisdiction to compel a party to pay a debt. ................................................................................................. xi

    Issue 3:  The trial court erred in denying Lea's requested relief. The take-nothing judgment rendered by the trial court was contrary to the great weight and preponderance of the evidence and was, therefore, an abuse of discretion. ........................ xi

Statement of Facts ........................................................................................................ 1

    A.  First Enforcement ........................................................................................ 1

    B.  Second Enforcement .................................................................................... 1

    C.  Lea amends her Enforcement Motion prior to trial .............................. 2

    D.  Remaining issues at trial ............................................................................. 3

E.  Judge denies Lea's requested relief and sanctions her more than $50,000 in attorney's fees ................................................................ 3

F.  Judge incarcerates Lea for failure to pay the sanctions by a date certain .............................................................................................. 4

Summary of the Argument ............................................................................. 4

Argument and Authorities ............................................................................. 5

I.  The trial court erred in granting sanctions against Lea. The suit was neither frivolous nor brought in bad faith. The pre-trial investigation made was adequate. The entry of findings of fact and the order are contrary to the evidence and are, thus, an abuse of discretion (ISSUE 1) ........................................................................... 5

A.  Rule 13 Sanctions ........................................................................ 5

B.  Section 10.004 Sanctions ............................................................ 7

C.  Challenges to separately filed Findings of Fact (CR 34) ....................... 9

D.  Challenges to Sanctions Order ................................................... 22

II.  Trial court abused its discretion by including a due date for the judgment to be paid (ISSUE 2) ............................................................. 28

III.  The trial court abused its discretion by denying Lea's requested relief. The great weight and preponderance of the evidence supported enforcement of the property division on the issue of bonuses and the diamond  (ISSUE 3). ................................................. 29

A.  Bonuses/Reimbursements .......................................................... 29

B.  Brannon Diamond ...................................................................... 30

Prayer ........................................................................................................... 30

Certificate of Word Count Compliance ..................................................... 32

Certificate of Service ........................................................................ 32

# INDEX OF AUTHORITIES

**Cases**

*American Flood Research, Inc. v. Jones*, 192 S.W.3d 581 (Tex. 2006)..............8, 9

*Attorney General of Texas v. Cartwright*, 874 S.W.2d 210 (Tex. App.—Houston [14th Dist.] 1994, writ denied)..............................................................................7

*Ball v. Rao*, 48 S.W.3d 332 (Tex. App.—Forth Worth 2001, pet. denied) ..............7

*Busby v. Dow Chem. Co.*, 931 S.W.2d 18 (Tex. App.—Houston [1st Dist.] 1996, no writ)..............................................................................................................6

*Campos v. Ysleta Gen. Hosp. Inc.* 879 S.W.2d 67 (Tex. App—El Paso 1994, writ denied)..............................................................................................................6

*Downer v. Aquamarine Operators, Inc.* 701 S.W.2d 238 (Tex. 1985)...................20

*Elkins v. Stotts-Brown*, 103 S.W.3d 664 (Tex. App.—Dallas 2003, no pet.)...........6

*Falk & Mayfield L.L.P. v. Molzan*, 974 S.W.2d 821 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)..............................................................................6

*Highland Church of Christ v. Powell*, 640 S.W.2d 235 (Tex. 1982)......................28

*Home Owners Funding Corp. of Am. v. Scheppler*, 815 S.W.2d 884 (Tex. App.—Corpus Christi 1991, no writ.) ..............................................................20

*In re Y.B.*, 300 S.W.3d 1 (Tex. App.—San Antonio 2009, pet. denied)...................7

*Jenkins v. Henry C. Beck Company*, 449 S.W.2d 454 (Tex. 1969) ........................29

*Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125  (Tex. App.—Houston [14th Dist.] 1999, no pet.) ........................................................................................22

*Laub v. Pesikoff*, 979 S.W.2d 686 (Tex. App.—Houston [1st Dist.] 1998, pet. denied).............................................................................................................20

*Monroe v. Grider*, 884 S.W.2d 811 (Tex. App.—Dallas 1994, writ denied) ...........6

*Ochsner v. Ochsner*, No. 14-11-00395-CV; 2012 WL 1854743 (Tex. App. [14th Dist.] May 22, 2012, no pet.) ...............................................................................8

*Paradigm Oil, Inc. v. Retamco Oper., Inc.*, 372 S.W.3d 177 (Tex. 2012) ...............8

*Rudisell v. Paguette*, 89 S.W.3d 233 (Tex. App.—Corpus Christi 2002, no pet.) . 21

*Tarrant County v. Chancey*, 942 S.W.2d 151 (Tex. App.—Fort Worth 1997, no pet.) ......................................................................................................................6

*Thelemann v. Kethan*, 371 S.W.3d 286 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).............................................................................................................20

*Thompson v. Davis*, 901 S.W.2d 939 (Tex. 1995)...................................................27

*University of Texas v. Bishop*, 997 S.W.2d 350 (Tex. App.—Fort Worth 1999, pet. denied).............................................................................................................21

**Statutes**

Tex. Civ. Prac. & Rem. Code § 10.001 .....................................................................7

Tex. Civ. Prac. & Rem. Code § 10.004 .....................................................................7

**Rules**

Tex. R. Civ. P. 13 .................................................................... 5, 6, 21, 22

## STATEMENT OF THE CASE

*Nature of the case:* Former wife moved to enforce the property division contained in a Final Decree of Divorce. Former husband answered and sought sanctions against former wife for frivolous filing.

*Course of proceedings:* A multi-day bench trial was held on the enforcement motion.

*Trial court disposition* The trial court rendered judgment denying all of former wife's requested relief and granted as sanctions a judgment against former wife for more than $50,000 in attorney's fees.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant, Lea Percy McLaurin, respectfully requests the opportunity to present oral argument. Oral argument would significantly aid the Court in deciding this case by providing additional explanation of the facts and issues presented. *See* Tex. R. App. P. 38.1(e), 39.1(d).

# APPELLEE'S ISSUES PRESENTED

**Issue 1:** **The trial court erred in granting sanctions as the case was neither frivolous nor brought in bad faith. The pre-trial investigation made was adequate. The entry of the findings and resulting order are contrary to the evidence and are, thus, an abuse of discretion.**

**Issue 2:** **The imposition of a date and time certain for the payment of the sanctions award was an abuse of discretion, as the court has no authority or jurisdiction to compel a party to pay a debt.**

**Issue 3:** **The trial court erred in denying Lea's requested relief. The take-nothing judgment rendered by the trial court was contrary to the great weight and preponderance of the evidence and was, therefore, an abuse of discretion.**

Appellant, Lea Percy McLaurin, submits the following Appellant's Brief. Appellant asks this Court to reverse the judgment of the trial court and remand for a new trial. In support, Appellant offers as follows:

## STATEMENT OF FACTS

Lea Percy McLaurin and Scott Sutton McLaurin were divorced on September 3, 2010. (7RR, Exhibit P-1). The property division was substantively disposed of in an Agreement Incident to Divorce (AID). (7RR, Exhibit P-2).

### A. First Enforcement

On January 4, 2011, Lea filed a motion to enforce certain terms of the property division contained in the AID. (2RR 57, ln. 21 to 58, ln. 1). On February 1, 2011, a specific demand for the requested property was provided to counsel in anticipation of a meeting to discuss the case. (7RR, Exhibit R-25). After that meeting, the January 4, 2011 enforcement was nonsuited.

### B. Second Enforcement

In March 2011, having narrowed the issues since the first motion was nonsuited, Lea filed a second motion to enforce. (7RR, Exhibit R-55; 3RR 59, ln. 20 through 61, ln. 2). At the time that suit was filed the following major property issues remained:

1. Scott had not signed a quitclaim deed for a piece of real property located in Oklahoma (RR. P. 56, line 13 - p. 57. line 9; RR; Finding of

1

Fact 23 and 24). This issue was later abandoned after Scott signed a quitclaim deed.

2.  Lea's portion of the Lincoln investment account had not been transferred. (7RR, Exhibit R-55, Exhibit A, p. 2; Finding of fact no. 27). This issue was later abandoned after Lea's portion had been transferred.

3.  The bonds awarded to Lea in the divorce had not been transferred. (2RR 63, ln. 23 – 64, ln. 1;  Finding of Fact 13). This issue was later abandoned after the bonds had been transferred.

4.  The Patrick Brannon diamond awarded to Lea had not been surrendered.  (6RR 72, ln. 1-6; 2RR 54, ln. 17-20;  3RR 11, ln. 21- p. 12, ln. 20; Finding of Fact 15). This issue remained at trial.

5.  Lea was still owed bonuses and reimbursement received by Scott. (5RR 125, ln. 13-16). This issue remained at trial.

6.  Numerous personal property items had not been surrendered to Lea. (2RR 67, ln. 12 –68, ln. 8; Finding of Fact 18; 3RR 13, ln. 24 - 17, ln. 5). This issue was later abandoned after the personal property items had been surrendered to Lea.

All these issues were covered in the demand letter sent to Scott's counsel prior to the nonsuit and prior to filing the suit at bar. (7RR, Exhibit R- 25).

**C. Lea amends her Enforcement Motion prior to trial**

Movant amended her original motion for enforcement three times prior to trial. After the suit was filed, Scott finally complied with certain terms of the property division (as described above), and Lea was able to get some of the property identified in her enforcement. For example, Lea was successful in

2

obtaining all of the bonds she had been entitled to (3RR 14). As various issues became moot, Lea amended her pleadings.

Respondent's live pleading at trial was the Second Amended Answer to Amended Motion to Enforce. (CR 3).

**D. Remaining issues at trial**

As explained above, several of the claims contained in earlier pleadings were abandoned by the time of trial. Two issues remained: (1) the division of bonuses and reimbursements received by Scott, and (2) the transfer of a diamond. (7RR, Exhibit R-55). It was undisputed that, as of the time of trial, neither the diamond nor the bonuses had been tendered to Lea. (6RR 72, ln. 1-6; 5RR 125 ln. 13-16).

**E. Judge denies Lea's requested relief and sanctions her more than $50,000 in attorney's fees**

On March 3, 2014, the trial court issued its rendition.

On April 8, 2014, the trial court signed its *Final Judgment on Lea Percy McLaurin's Motion to Enforce and Scott Sutton McLaurin's Motion for Sanctions and Bad Faith Filing* (the "Final Judgment"). (CR 12, Appendix 1). The Final Judgment denies all of Lea's requested relief. (CR 13). The Final Judgment also grants a judgment against Lea for attorney's fees in the amount of $52,378.88. The trial court ordered the sanctions to be paid by 3:00 p.m. on June 12, 2014. (CR 15).

3

The trial court's order specified that the sanctions were imposed as punishment for Lea's Fourth Amended enforcement petition. (CR 27, last paragraph).

Lea timely requested findings of fact. (CR 17). The trial judge signed findings on July 7, 2014.  (CR 34-38)

This appeal was timely filed. (CR 62)

**F. Judge incarcerates Lea for failure to pay the sanctions by a date certain**

While this appeal was pending, Scott moved the trial court to enforce the attorney's fees sanction by holding her in contempt and committing her to jail. (*See also* Petition for Writ of Habeas Corpus filed by Lea on November 14, 2014, in No. 01-14-00920-CV). The trial court granted Scott's motion and incarcerated Lea. *Id.* This incarceration for failure to pay a debt is the subject of the pending petition for writ of habeas corpus filed by Lea on November 14, 2014. This Court ordered that Lea be released from custody pending determination of the petition. As of the date of this brief, this Court has not yet ruled on the petition.

## SUMMARY OF THE ARGUMENT

The trial court abused its discretion by granting sanctions against Lea because her suit was neither groundless nor brought for an improper purpose. Lea had a good faith basis for her claims and made a reasonable inquiry prior to filing.

4

Lea did not bring her claims to harass but to enforce and/or clarify the terms of the divorce and to ensure a proper transfer of the estate. The entry of the findings and resulting order are contrary to the evidence before the trial court.

The trial court improperly imposed a date certain for the sanctions to be paid. Forcing a party to pay a money judgment prior to the disposition of an appeal forces the judgment debtor to waive his appellate issues. Moreover, a trial court has no authority to incarcerate a person for failure to pay a debt.

The trial court improperly denied Lea's requested relief. The great weight and preponderance of the evidence at trial demonstrated that Lea was entitled to relief on her claims for bonuses and the Brannon diamond. The trial court's ruling otherwise was an abuse of discretion.

## ARGUMENT AND AUTHORITIES

I. **The trial court erred in granting sanctions against Lea. The suit was neither frivolous nor brought in bad faith. The pre-trial investigation made was adequate. The entry of findings of fact and the order are contrary to the evidence and are, thus, an abuse of discretion (ISSUE 1)**

**A. Rule 13 Sanctions**

In evaluating an allegation of a Rule 13 violation, "courts shall presume that pleadings, motions, and other papers are filed in good faith." Tex. R. Civ. P. 13. Rule 13 requires the trial court to hold an evidentiary hearing to make the necessary factual determination about the motives and credibility of the person

5

signing the allegedly groundless petition. *Busby v. Dow Chem. Co.*, 931 S.W.2d 18, 21 (Tex. App.—Houston [1st Dist.] 1996, no writ). Rule 13 provides for sanctions if a party files a pleading that is either (1) groundless and brought in bad faith or (2) groundless and brought to harass. Tex. R. Civ. P. 13. Importantly, both bases require the document to be groundless.

The trial court must examine the circumstances existing **when the litigant filed the pleadings** to demine whether Rule 13 sanctions are proper. *Monroe v. Grider*, 884 S.W.2d 811, 817 (Tex. App.—Dallas 1994, writ denied). Bad faith does not exist when a party exercises bad judgment or even negligence. Rather, "it is the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes." *Falk & Mayfield L.L.P. v. Molzan*, 974 S.W.2d 821, 828 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (quoting *Campos v. Ysleta Gen. Hosp. Inc.* 879 S.W.2d 67, 71 (Tex. App—El Paso 1994, writ denied)). Courts must presume that papers are filed in good faith, and the party moving for sanctions bears the burden of overcoming this presumption. *See Tarrant County v. Chancey*, 942 S.W.2d 151, 154 (Tex. App.—Fort Worth 1997, no pet.). Improper motive is an essential element of bad faith. *Elkins v. Stotts-Brown*, 103 S.W.3d 664, 669 (Tex. App.—Dallas 2003, no pet.).

"Groundless" as used in Rule 13 means "there is no arguable basis for the cause of action." *Attorney General of Texas v. Cartwright*, 874 S.W.2d 210, 215

(Tex. App.—Houston [14th Dist.] 1994, writ denied). Texas courts have consistently held that when the underlying claim or assertion has merit and evidentiary support, it is an abuse of the trial court's discretion to impose sanctions. *See In re Y.B.*, 300 S.W.3d 1, 5-6 (Tex. App.—San Antonio 2009, pet. denied) (holding that the underlying claim had merit and, therefore, trial courts imposition of sanctions finding that underlying claim was groundless, brought in bad faith and for the purposes of harassment was an abuse of discretion). *Ball v. Rao*, 48 S.W.3d 332, 336-338 (Tex. App.—Forth Worth 2001, pet. denied) (holding that imposition of sanctions was abuse of discretion because claims had evidentiary support and were, therefore, not baseless, frivolous, or groundless).

### B.    Section 10.004 Sanctions

Texas Civil Practice and Remedies Code section 10.004 allows sanctions if a motion or pleading signed by a person (1) is presented for an "improper purpose," including harassment or to unnecessarily delay or increase the expense of litigation; (2) contains a legal contention that was not warranted by existing law or non-frivolous argument for modification, extension or reversal of current law; (3) contains factual contentions that are not supported by evidence, or is unlikely to have evidentiary support after discovery; or (4) contains denials not warranted by the evidence. Tex. Civ. Prac. & Rem. Code §§ 10.001, 10.004 (West 2002),

7

*Ochsner v. Ochsner*, No. 14-11-00395-CV; 2012 WL 1854743 (Tex. App. [14th Dist.] May 22, 2012, no pet.).

Scott failed to demonstrate that Lea was not entitled to any one item requested at the time it was requested. The relevant inquiry is when the pleading was filed. There was no evidence that the suit was brought for an improper purpose. Lea had a right to enforce the property division. There is no evidence that the pleading contained a legal contention that was not warranted by existing law or non-frivolous argument for modification, extension, or reversal of current law. Lea's claims were authorized by the Texas Family Code. There is no evidence that the pleadings contained factual contentions that were not supported by evidence or are unlikely to have support after discovery. There was no evidence that the pleading contained denials not warranted by the evidence. Therefore, there was no basis for the trial court to impose sanctions under Rule 13 of the Texas Rules of Civil Procedure or Chapter 10 of the Civil Practices and Remedies Code.

Sanctions must be "just." *Paradigm Oil, Inc. v. Retamco Oper., Inc.*, 372 S.W.3d 177, 184 (Tex. 2012). Sanctions should be directly related to the offensive conduct. *Id*. A just sanction must be directed against the abuse and toward remedying the prejudiced caused to the innocent party. *American Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006). Sanctions should be no more severe than necessary to promote full compliance with the rules. *Paradigm Oil*,

372 S.W.3d at 187. Courts should consider the least-stringent sanction necessary to promote compliance. *American Flood*, 192 S.W.3d at 583.

In this case, the sanction is excessive and not "just." Lea was sanctioned with a judgment against her of more than $50,000 in attorney's fees. This does not have any direct relationship to the conduct complained of. Moreover, there is no evidence that Lea's claims were groundless or brought in bad faith or for an improper purpose. In addition, at the time her original motion was filed, she had a good faith basis for each allegation. As the litigation progressed and issues became moot, Lea amended her pleadings and proceeded to trial on only the last two remaining issues. Sanctions are imposed to protect the innocent party. Scott was not innocent in this case. It was undisputed at the time of trial that Lea was owed money for reimbursements and a diamond.

**C. Challenges to separately filed Findings of Fact (CR 34)**

The trial court entered findings of fact and conclusions of law (CR 34) and also included findings in the sanctions order (CR 26). Appellant challenges both sets of findings. Appellant's challenges to the separately filed findings of fact are as follows:

Finding of fact no. 3 states:

> 3. *In March 2011, Lea filed a Motion to Enforce Final Decree of Divorce and Agreement Incident to Divorce (the "Enforcement"), in which she:*

9

A. *Sought to enforce the provision of the Decree and AID, awarding Lea the diamond given to wife by Patrick Brannan, which was located in a safe deposit box at Chase Bank, Medical Center location,*

B. *Sought to enforce the provision of the Decree and AID, awarding Lea the coins belonging to Lea or Christopher McLaurin, which was located at a safe deposit box at Chase Bank, Medical Center location;*

C. *Sought to enforce the provision of the Decree and AID, awarding Lea certain real property located in Payne County, Oklahoma;*

D. *Sought to enforce the provisions of the Decree and AID, awarding Lea the First Colony Life Insurance Policy, No. 5164362;*

E. *Sought to enforce the provision of the Decree and AID, awarding Lea a portion of the Lincoln Investments account ending in 0305,*

F. *Sought to enforce the provisions of the Decree and AID, awarding Lea certain United States Savings Bonds, in Scott's possession;*

G. *Sought to enforce the provision of the Decree and AID, awarding Lea a 2006 Lexus GX470.*

H. *Sought to enforce the provision of the Decree and AID, awarding Lea "fifty percent (50%) net of taxes of ANY bonuses or reimbursements received by Husband through April 30, 2010";*

I. *Sought to enforce the provision of the Decree and AID, awarding Lea the contents of the safe deposit boxes at BBVA Compass and Wells Fargo Bank.*

> J.    Sought to enforce the provisions of the Decree and AID, awarding Lea various Christmas ornaments, Gibson plates, stuffed animals, and family photographs and videos (collectively, the "Personal Property").
>
> K.    Brought a cause of action for conversion against Scott; and
>
> L.    Sought recovery of her attorney's fees.

(CR 34-35).

Response:    There was no evidence presented of the substance of the March 2011 petition or nature of the case. Neither the clerk's record nor the reporter's record contains such a motion.

Finding of fact no. 4 states:

> 4.    On November 9, 2012, Lea served on Scott's counsel of record a First Amended Motion to Enforce Final Decree of Divorce and Agreement Incident to Divorce (the "1st Amended Enforcement"), in which she restated the allegations contained in Enforcement.

(CR 35).

Response:    There was no evidence presented as to the allegations and date of the "First Amended Motion to Enforce".

> 5.    On March 6, 2013, Lea served upon Scott's counsel her Second amended Motion to Enforce Final Decree of Divorce and Agreement Incident to Divorce ("2" Amended Enforcement") in which she abandoned all prior allegations, EXCEPT for those in which she:
>
> A.    Sought to enforce the provision of the Decree and AID, awarding Lea the diamond given to wife by Patrick Brannan, which was located in a safe deposit box in Chase Bank, Medical Center location;

11

*B.*     *Sought to enforce the provisions of the Decree and AID, awarding Lea certain United States Savings Bonds, in Scott's Possession;*

*C.*     *Sought to enforce the provision of the Decree ad AID, awarding Lea "fifty percent (50%) net of taxes of ANY bonuses or reimbursements received by Husband through April 30, 2010".*

*D.*     *Brought a cause of action for conversion against Scott; and*

*E.*     *Sought recovery of her attorney's fees.*

Response:     There is no evidence as to the allegations and date of the "Second Amended Motion to Enforce".

Finding of fact no. 6 states:

6.     On March 18, 2013, Lea served upon Scott's counsel her Third Amended Motion to Enforce Final Decree of Divorce and Agreement Incident to Divorce ("3rd Amended Enforcement"), in which she restated those allegations contained in the 2nd Amended Enforcement.

Response:     There is no evidence as to the allegations and date of the "Third Amended Motion to Enforce". No such motion appears in the record.

As for findings 3, 4, 5, and 6 above, there were no sanctions granted on these pleadings. The sanctions order does complain of any of those filings. Nor were those filings presented into evidence.

Finding of fact no. 7 states:

7.     *On March 27, 2013, Lea served upon Scott's counsel her Fourth Amended Motion to Enforce Final Decree of Divorce and Agreement*

12

*Incident to Divorce ("4" Amended Enforcement"), in which she abandoned all prior allegations, EXCEPT for those in which she:*

> A.  *Sought to enforce the provision of the Decree and AID, awarding Lea the diamond given to wife by Patrice Brannan, which was located in a safe despot box at Chase Bank, Medical Center location,*

> B.  *Sought to enforce the provision of the Decree and AID, awarding Lea "fifty percent (50%) net of taxes of ANY bonuses or reimbursements received by Husband through April 30, 2010"; and*

> C.  *Brought a cause of action for conversion against Scott.*

Response:   Lea adopts the following arguments in demonstrating that the filing of the suit and its original complains were based in facts, were meritorious, and remained unresolved to the extent complained of in the 4th Amended Motion.

Finding of fact no. 11 states:

> 11. *Lea's prior counsel prepared and forwarded to Scott's counsel an Assignment of Interest, transferring certain United States Savings Bonds to Lea, and on or about September 8, 2010, Scott executed such Assignment of Interest, and returned it to Lea's counsel.*

Response:   There is no evidence the document referenced in this finding would be effective to transfer ownership of the securities at issue.

Finding of fact no. 12 states:

> 12.  *On or about October 28, 2010, Scott, by and through his counsel of record, provided a "corrected" Assignment of Interest transferring such United States Savings Bonds to Lea, which he had executed, to Lea's counsel of record, for Lea's execution, and Lea refused to execute such Assignment of Interest.*

13

Response: The document would have Lea surrender to Scott her bonds. It is not "correct". (RR. V. 7, R-23). Such is contrary to the property award. (7RR, Exhibit P-2) and is not supported by any evidence. The fact, although true, is of no moment, other than it does demonstrate a need to proceed with litigation to get the actual award transferred.

Finding of fact no. 13 states:

> 13    On or about March 8, 2013, while the litigation was pending, Lemkuil provided a new form of an assignment of interest in such United Sates Savings Bonds. Scott executed the new assignment of interest prior to trial.

Response: Although this is true, the date is *after* the litigation had been filed. The relevant inquiry for reviewing sanctions is the facts known at the time the petition was filed. The enforcement motion was clearly based in fact and was not groundless or sanctionable.

Finding of fact no. 14 states:

> 14.    Prior to the initiation of this lawsuit, Scott attempted to exchange the diamond and coins (if any) which had been located in the safe deposit box at Chase Bank, Medical Center location in Scott's name for the Rolex watch, which was awarded to him pursuant to the Decree and AID; however, Lea refused to cooperate in exchanging such items.

Response: Scott's attorney stated this in argument at trial, but there was no evidence presented that this event ever occurred.

Finding of fact no. 15 states:

14

15. *On or about November 7, 2012, Scott tendered to Lea, by delivery to her attorney, the diamond referenced in Lea's pleadings.*

Response.   The entire trial involved whether particular diamonds were conveyed. Scott testified it was the Mine Cut Diamond. (RR:  Vol. 5, p 104, line 15 to p. 105, line 22). Lea testified it was NOT the Brannon Diamond  (RR:  Vol 3, p. 12, lines 17-20).

Finding of fact no. 16 states:

16. *Prior to the initiation of this lawsuit, Scott packaged the Christmas ornaments, the Gibson plates, and the stuffed animals, and made them available to Lea.*

Response:   Scott's attorney stated this in argument at trial, but there was no evidence presented that this event ever occurred.

Finding of fact no. 17 states:

17. *Lea made no attempt to take possession of the Christmas ornaments, the Gibson plates, or the stuffed animals after Scott made them available.*

Response:   The uncontroverted evidence says otherwise. (*See e.g.*, 2RR, p. 71, lines 23 - p. 72, line 3); *see also* Finding of Fact 18).

Finding of fact no. 18 states:

18. *After the initiation of this lawsuit, Lea retrieved some of the personal property from Scott's counsel's office.*

15

Response: This is true but is of no moment. Indeed, the fact that such property was not transferred until after the suit was filed indicates that Lea's lawsuit had a basis in law and fact and was not groundless or frivolous.

Finding of fact no. 19 states:

19.     *The AID states that Scott shall make the family photographs and video available to Lea so that she may duplicate them, however as of her filing of this litigation, Lea had not requested the photographs or videos for duplication.*

Response: There is no evidence that Scott made the photos and videos available. There was, however, evidence that a demand for them made prior to the suit. (7RR, Exhibit R-25).

Finding of fact no. 20 states:

20.     *Prior to initiating this litigation for performance of the contracts or payment of any alleged money due and owing, neither Lea nor her attorney of record made demand upon Scott, upon his attorney of record, or upon any other dully authorized agent for performance or payment.*

Response: There is no requirement that a party must make a demand for property before filing a suit for enforcement. Failure to make a demand is not an issue related to whether a good faith investigation was conducted prior to filing suit. The finding is in direct conflict with the uncontroverted facts. The final transfer of funds did not occur until after suit was filed. (4RR 112, ln. 23 to 113, ln. 14).

16

Further, the finding conflicts with the evidence of the existence of the prior lawsuit for ostensibly the same relief. (3RR 59, ln. 20 - 61, ln. 2). There is also a written request offered as one of Scott's own exhibits. (7RR, Exhibit R-25).

Finding of fact no. 21 states:

21.   *Prior to entry of the Decree, Scott paid all sums owed to Lea as a result of the provision of the Decree and AID awarding Lea "fifty percent (50%) net of taxes of ANY bonuses or reimbursement received by Husband through April 30, 2010.*

Response:   This is contrary to Scott's testimony. (5RR 125, ln. 13-16). It is also contrary to Lea's testimony. (3RR 13, ln. 24 - 17, ln. 5).

Finding of fact no. 22 states:

22.   *Prior to initiating this litigation for performance of the contract as it related to the real property in Payne County, Oklahoma, Lea did not present any conveyance documents to Scott for execution.*

Response.   The evidence on this issue is conflicting, but it is of no moment.

Finding of fact no. 23 states:

23.   *On or about May 3, 2012, Lemkuil forwarded to Scott's counsel a Quitclaim Deed, transferring the real property located in Pain County, Oklahoma, and asked that Scott execute such Quitclaim Deed.*

Response:   Although this is true, it was after the lawsuit had already been filed.

Finding of fact no. 24 states:

24.   *Scott executed the Quitclaim Deed, and returned it to Lemkuil.*

17

Response:  There is no evidence of this in the record. Again the finding is of no moment as the issue was abandoned prior to trial.

Finding of fact no. 25 states:

25.    *Prior to Lea initiating this litigation, Scott made numerous attempts to transfer Lea's portion of Lincoln Investments account no 0305 (the Lincoln Account") to her.*

Response:  This is not relevant to the sanctions order wherein Lea was sanctioned for failing to investigate prior to filing suit. Moreover, Scott's alleged efforts to transfer money to Lea were for less money than was properly awarded to Lea. (4RR 112, ln. 23 – 113, ln. 14). Lea had a good faith basis for enforcing this provision. The lawsuit was necessary to clarify and enforce the prior orders.

Finding of fact no. 26 states:

26.    *Lea continually refused to supply Scott, his financial advisor, or her own financial advisor with the information required to enable Scott to transfer her portion of the Lincoln Account to her.*

Response:  In response to this finding, Lea adopts the proceeding response to 25 above.

Finding of fact no. 27 states:

27.    *In November 2011, after the unnecessary expenditure of attorney's fees, Lea provided the required information to enable the transfer of her portion of the Lincoln account, and the transfer was completed.*

Response:  This finding is in conflict with conclusions of law nos. 4 and 5. The transfer was not completed until after the suit was filed. After the suit was filed, a

18

new calculation was made wherein Lea was able to recover a more accurate percentage then offered to her pre-filing. The final Lincoln Investment money was not offered until after it was first held for ransom to Lea for to dismiss her claims for bonus and expenses money. (7RR, Exhibit R-55, Ex. A). "**Finally, I am authorized to say that Scott will transfer the Lincoln Account if Leah drops any claims against him**." *Id.*

Finding of fact no. 28 states:

> 28.   *Lea by and through her attorney of record failed to make reasonable inquiry into the facts surrounding the allegations contained in the Enforcement, the Amended Enforcement, the 2nd Amended Enforcement, the 3rd Amended Enforcement, or the 4th Amended Enforcement, prior to filing each such pleading.*

Response: The reasonable inquiry issue as to each amendment was not a basis for sanctions as provided by the order (CR 12-16) as opposed to conclusion 7 (CR 38). As the basis for the sanctions must be provided in the order, these issues as stated here are without meaning. Tex. R. Civ. P. 13.

Scott fails to provide or identify any fact that was not considered or identified by Lea prior to her filing the suit. The Final Judgment does not address the 1st Amended Enforcement, 2nd Amended Enforcement, or 3rd Amended Enforcement. There is no evidence or pleadings to support the findings.

Finding of fact no. 29 states:

19

29.     *After the facts surrounding Lea's, by and through her attorney of record, failure to make reasonable inquiry were brought to their attention in a meeting with Scott's attorney of record, he continued to pursue a trial regarding Lea's allegations.*

Response: This is not a basis for sanctions as provided by the order CR 12-16 as opposed to conclusion 7, CR 38). Further, the moving party must prove the pleading party's subjective state of mind. *Thelemann v. Kethan*, 371 S.W.3d 286, 294 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). Scott has not done so.

There is no evidence of any issue that counsel failed to uncover that supports a finding or sanction for failure to make inquiry. To the contrary, Scott associates a failure to make a demand as evidence of a failure to make reasonable inquiry. Yet Scott's own evidence, specifically Exhibit R-25, demonstrates that a demand was made.

The applicable standard of review on a sanction order is abuse of discretion. *Laub v. Pesikoff*, 979 S.W.2d 686, 693 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). The test is whether the trial court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.* 701 S.W.2d 238, 241-42 (Tex. 1985). A sanctions order will be overturned if it is based on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Home Owners Funding Corp. of Am. v. Scheppler*, 815 S.W.2d 884, 889 (Tex. App.—Corpus Christi 1991, no writ.). In reviewing sanctions orders, courts are not bound by the

trial court's findings of fact and conclusions of law; rather, appellate courts must independently review the entire record to determine whether the trial court abused its discretion." *American Flood*, 192 S.W.3d at 583.

Scott provided no evidence that the petition was factually untrue. No argument that there is not a body of law that supports enforcement proceedings to compel compliance with property divisions. Therefore, Rule 13 sanctions do not apply and were improperly imposed by the trial court. Likewise, Chapter 10 sanctions were not appropriate. Scott made no demonstration that Lea's claims were frivolous or made for an improper purpose. There is no evidence of an improper benefit derived by Lea as a result of the litigation.

No sanctions may be imposed under Rule 13 "except for good cause, the particulars of which must be stated in the sanctions order." Tex. R. Civ. P. 13. This requirement to include particular findings (1) ensures that the trial court is held accountable and adheres to the standard of the rule; (2) requires the trial court to reflect carefully on its order before imposing sanctions; (3) informs the offending party of the particular conduct warranting the sanction, for the purpose of deterring similar conduct in the future; and (4) enables the appellate court to review the order in light of the particular findings made by the trial court. *Rudisell v. Paguette*, 89 S.W.3d 233, 237 (Tex. App.—Corpus Christi 2002, no pet.).

**D. Challenges to Sanctions Order**

A sanctions order must contain an explanation of the basis for the sanctions awarded. *University of Texas v. Bishop*, 997 S.W.2d 350, 355 (Tex. App.—Fort Worth 1999, pet. denied); *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 130 (Tex. App.—Houston [14th Dist.] 1999, no pet.). The Final Judgment here makes clear that the sanctions ordered against Lea were the result of her Fourth Amended Motion to Enforce. (CR 27). Citing Rule 13, the order states that "The lawyer filing these pleadings failed to make reasonable inquiry before filing said groundless and bad faith pleadings." Rule 13 does not support an award of sanctions for that purpose. Nevertheless, there is no evidence that the petition was filed for an improper purpose.

The specific reasons for the sanctions set out in the Final Judgment are not supported by the evidence. Appellant challenges each of the reasons as follows:

> *LEA PERCY McLAURIN claimed that SCOTT SUTTON McLAURIN breached his contractual obligation by failing to sign a quitclaim deed conveying his interest in real property located in Payne County, Oklahoma to LEA PERCY McLAURIN. In fact, LEA PERCY McLAURIN has never presented a quitclaim deed to SCOTT SUTTON McLAURIN for his signature.*

(CR 28, para. 1).

The claim regarding the Payne County, Oklahoma property was dropped and is not contained in the Fourth Amended enforcement motion. (*See* 7RR, Exhibit R-

22

55). Moreover, this paragraph conflicts with finding of fact 23, discussed above, which states that Lea did in fact present the quitclaim deed to Scott for his signature.

> *LEA PERCY MCLAURIN claimed that SCOTT SUTTON MCLAURIN had breached his contractual obligation by failing to surrender to LEA PERCY MCLAUIRN her portion of the Lincoln Investment account ending in 0305. Prior to LEA PERCY MCAURIN filing this suit. SCOTT SUTTON MCLARIN made numerous attempts to transfer LEA PERCY MCLURIN's portion of the account to her. LEA PERCY MCLAURIN continually refused to supply SCOTT SUTTON MCLAURIN, his financial advisor, Ross McLaurin, or her own financial advisor, Allen Weiner, with the information required to transfer her portion of the account. Finally, in November 2011, only after the unnecessary expenditure of attorney's fees, LEA PERCY MCLAURIN provided the repaired information for transfer of her portion of the account, and the transfer was completed.*

(CR 28, para. 2).

This issue was abandoned in the Fourth Amended Motion. It was not an issue at trial. Regardless, this finding conflicts with the evidence at trial and the findings entered by the court. Specifically, conclusion of law deemed as a finding of fact, 4 and 5. (4RR 112, ln. 23 to 113, ln. 14) Evidence also establishes that the ultimate funds transferred as a result of litigation in an amount different than those contemplated by Scott prior to litigation. In other words, even if it is true that Scott attempted to give Lea some money prior to litigation, the fact remains that the amount of money she was entitled to was in dispute. This was the proper subject of

23

an enforcement suit. Lea cannot be punished for demanding that Scott follow the

AID.

> *LEA PERCY MCLAURIN claimed that SCOTT SUTTON MCLAURIN breached his contractual obligation by failing to sign the documents necessary to transfer nine (9) savings bonds to LEA PERCY MCLAURIN which are in the name of SCOTT SUTTON MCLAUIRIN. On or about October 28, 2010, SCOTT SUTTON MCLAURIN provided LEA PERCY MCLAURIN, by and through her previous attorney, J.D. Bucky Allshouse, with an Assignment of Interest in said bonds. LEA PERCY MCLAURIN refused to execute the Assignment.*

(CR 28, para. 3).

This issue was not included in the Fourth Amended Motion. Moreover, the finding is contrary to the record, wherein the referenced assignment would have conveyed the ownership of the bonds to Scott, contrary to the award. (7RR Exhibit, R-23). It was not until after the suit had been filed that Scott executed the papers necessary to transfer the bonds as contemplated by the agreement. (2RR 63 ln. 23 – 64. ln 1). After transfer had been completed, Lea amended her pleadings and dropped that issue. (7RR, Exhibit R-55).

> *LEA Percy McLaurin claimed that SCOTT SUTTON McLAURIN breached his contractual obligation by failing to surrender to LEA PERCY MCLAURIN the diamond given to LEA PERCY MCLAURIN by Patrick Brannan and the coins belonging to LEA PERCY MCLAURIN or Christopher McLaurin. SCOTT SUTTON MCLAURIN attempted to turn over the diamond and coins to LEA PERCY MCLAURIN in exchange for the Rolex watch awarded to him, however prior to this suit LEA PERCY MCLAURIN refused to cooperate in exchanging the items.*

24

(CR 28, para. 4).

The foregoing issue of the diamond was a contested trial issue. The evidence presented was conflicting. The issue of the coins were abandoned and were not tried because Scott claimed that they were lost or missing. (5RR, p. 133, lines 2-10). There was no evidence that Scott attempted to exchang the coins. The AID awards a watch to Scott and the contents of a safe deposit box to Lea. The watch provided Scott was from the box awarded to Lea. The diamond provided to Lea was not provided until after the suit had been filed. There was legitimate confusion among the parties as to which diamond was which. This determination was a legitimate subject of the litigation. (3RR 102, ln. 9-12; 97, ln. 1-3; 5RR 104, ln. 15 – 105, ln. 22).

> *LEA PERCY MCLAURIN claimed that SCOTT SUTTON MCLAURIN had breached his contractual obligation by failing to surrender to LEA PERCY MCLAURIN certain Christmas ornaments, Gibson Plates, stuffed animals, family photographs, and videos. Although SCOTT SUTTON MCLAURIN had made these items available to LEA PERCY MCLAURIN prior to the filing this lawsuit. LEA PERCY MCLAURIN failed to pick up or otherwise take possession of the items. The parties Agreement Incident to Divorce stated that SCOTT SUTTON MCLAURIN shall make the family photographs and videos available to LEA PERCY MCLAURIN so that she could copy or duplicate them. As of her filing of the suit LEA PERCY MCLAURIN had not requested the photographs or videos for duplicating.*

(CR 29, para. 1).

This issue was not included in the Fourth Amended Motion on which the parties proceeded to trial. (7RR, R-55). Therefore, there is no basis for this reasoning for the sanction. It was not until after she filed suit that the items referenced in this paragraph were made available to Lea for her to pick up. (2RR 71, ln. 23 - 72, ln. 8. It was arbitrary to sanction Lea for anything related to this issue.

> *The attorney who filed these pleadings failed to make the reasonable inquiry required prior to filing this suit. Further, after these facts were brought to the attention of the attorney during a meeting with the undersigned, he continued to refuse to dismiss this frivolous suit.*

(CR 29, para. 2).

This paragraph suggests that the attorney met with the judge. There is no evidence of such a meeting. The only evidence of a meeting was one that was held prior to filing suit. (7RR, Exhibit R-24).

Therefore, the undisputed facts are that at the time of the filing of the motion:

1. There was no signed quitclaim deed. (RR 56, ln. 13 – 57 ln. 9; Finding of Fact 23 and 24)

2. Lincoln investment account had not been transferred. (7RR, Exhibit R-55, Exhibit A to the petition at p. 2; Finding of Fact 27).

3. The bonds had not been transferred. (2RR 63, ln. 23 – 64, ln. 1; Finding of Fact 13)

26

4.     As of final trial, the Brannon diamond had not been surrendered. (2RR 54, ln. 17-20; 3RR 11, ln. 21- 12, ln. 20; Finding of Fact No. 15)

5.     Not all the bonus and expense money was paid. (5RR 125, ln. 13 -16).

6.     Numerous items of personal property had not been surrendered. (2RR 67, ln. 12 –68, ln. 8; Finding of Fact 18; 3RR 13, ln. 24 - 17, ln. 5).

All of these missing items were covered in the demand letter sent to Scott's counsel prior to the nonsuit and the suit at bar. (7RR, Exhibit R- 25). Thus, demand was made for the items. To the extent that the trial court intended to punish Lea for the enforcement petition that was nonsuited, this is not supported by the pleadings and would be improper under existing law. *Thompson v. Davis*, 901 S.W.2d 939, 940 (Tex. 1995) (court could not extend sanction from earlier motion to modify child support to later motion to modify custody).

The trial was had on the issue of the payment of the bonuses and the third referenced diamond. Neither of these issues is listed as a specific basis for the sanctions. In fact, Scott himself admitted that as of trial he still owed Lea money on the bonuses and expenses portion of the AID. (5RR 125, ln. 13 -16). Scott also admitted that he could still have the Brannon diamond, having only turned over the mine cut diamond. (5RR 104, ln. 15 – 105, ln. 22).

**II. Trial court abused its discretion by including a due date for the judgment to be paid (ISSUE 2)**

The trial court ordered that the sanctions were to be paid on or before June 12, 2014 at 3:00 p.m. (CR 29). This was an abuse of discretion. In aid of her argument on this issue, Appellant also respectfully refers this Court to the Petition for Writ of Habeas corpus filed by Lea on November 14, 2014 in No. 01-14-00920-CV. The trial court attempted to enforce the sanctions order by incarcerating Lea for her failure to pay by a date certain. Lea sought a writ of habeas corpus and this Court conditionally granted that habeas relief pending review of her petition.

Moreover, Lea cannot be forced by the trial court to abandon her appellate issues by paying the judgment that she had properly appealed. "It is a settled rule of law that when a judgment debtor voluntarily pays and satisfies a judgment rendered against him, the cause becomes moot. He thereby waives his right to appeal and the case must be dismissed." *Highland Church of Christ v. Powell*, 640 S.W.2d 235, 236 (Tex. 1982) (internal citations omitted). Lea timely appealed the sanctions order.

The trial court's inclusion of a deadline for payment of the judgment was improper and an abuse of discretion. Lea asks this Court to render an order that any deadline language be stricken from the Final Judgment.

28

**III.** **The trial court abused its discretion by denying Lea's requested relief. The great weight and preponderance of the evidence supported enforcement of the property division on the issue of bonuses and the diamond (ISSUE 3).**

The trial court erred by denying Lea's requested relief with respect to the only two remaining issues at trial: the bonuses she was owed and the missing diamond. It was **undisputed** that, as of the time of trial, neither the diamond nor the bonuses had been tendered to Lea. (6RR 72, ln. 1-6; 5RR 125, ln. 13-16).

**A. Bonuses/Reimbursements**

Scott confessed that at least some money was owed to Lea at the time of trial:

Q: Do you believe you owe any money related to the bonus and reimbursements portions of the AID?
A. Yes.

(5RR 125, ln. 13-16). The great weight and preponderance of the evidence indicates that Scott owed money to Lea and the trial court should have ordered the accounting requested by Lea. The failure to do so was arbitrary and an abuse of discretion.

Although Scott plead accord and satisfaction and tendered some of the missing money, it was only done so in trust for a release from the other money he owed. (7RR, Exhibit R-42). There was no showing of accord and satisfaction for the bonus money, and no evidence entered in support of the other affirmative

defenses asserted. The essential elements of accord and satisfaction have remained unchanged for many years and are clearly expressed in *Jenkins v. Henry C. Beck Company*, 449 S.W.2d 454, 456 (Tex. 1969) (providing full disclosure, dispute, unmistakable message of intent with tender, and an agreement of the parties to accept a lesser amount.). (3RR 8, ln. 9-22).

Further, despite no pleadings asserting that the provision of the AID addressing the bonuses and expenses was vague, the court did not permit examination into the bonus money paid since the divorce was filed until the closing date set by the AID. The refusal to allow this testimony was arbitrary and an abuse of discretion. The issue of an accounting and the monies owed should be reversed and remanded for a complete examination of what money is due. It is clear form the record that said bonuses were substantial. Therefore, Lea was harmed by this error. (7RR, pgs. 67, 73, 75, and 77).

### B. Brannon Diamond

Scott confessed that he did not attempt to return the Brannon diamond. Scott admitted he only tendered the mine cut stone. (5RR 104, ln. 15 - 105, ln. 22). The value of the Brannon diamond should have been paid to Lea. The evidence showed that the value of that diamond was $15,000.00. (2RR 82, ln. 20-22).

### PRAYER

For the foregoing reasons, Lea Percy McLaurin prays that this Court will:

1.  Reverse the sanctions order and render an order that Scott take nothing on his request for sanctions. Alternatively, Lea asks this Court to reverse and remand on the issue of payment on a date certain.

2.  Reverse and remand this case for a full determination of the money still owed to Lea under the terms of the divorce decree and AID;

3.  In the event that this Court affirms the imposition of sanctions, to reverse and remand on the issue of the severity of the sanctions and costs.

Respectfully submitted,

LAW OFFICE OF DANIEL J. LEMKUIL

*/s/ Daniel J. Lemkuil*
**Daniel J. Lemkuil**
State Bar No. 00789448
1314 Texas Avenue, Suite 1515
Houston, Texas 77002
Telephone: (713) 993-9100
Facsimile: (713) 225-0099
daniel_lemkuil@flash.net

LAW OFFICE OF JANICE L. BERG
**Janice L. Berg**
State Bar No. 24064888
1314 Texas Avenue, Suite 1515
Houston, Texas 77002
Telephone: (713) 993-9100

31

janice@janiceberglaw.com

**ATTORNEYS FOR APPELLANT**

**CERTIFICATE OF WORD COUNT COMPLIANCE**

Pursuant to Rule 9.4, I hereby certify that the number of words in this document—exclusive of caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, signature, proof of service, certification, certificate of compliance and appendix is—**7264.**

*/s/ Daniel J. Lemkuil*
Daniel J. Lemkuil

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing served on all counsel of record in accordance with the Texas Rules of Appellate Procedure on February 2, 2015.

*/s/ Daniel J. Lemkuil*
Daniel J. Lemkuil

NO. 01-14-00710-CV

IN THE COURT OF APPEALS
FOR THE FIRST JUDICIAL DISTRICT OF TEXAS AT HOUSTON

LEA PERCY MCLAURIN,
APPELLANT

v.

SCOTT SUTTON MCLAURIN,
APPELLEE

On appeal from the 309th Judicial District Court
Harris County, Texas | Cause No. 2009-06775

APPENDIX

| Tab No. | Title |
|---------|-------|
| 1 | Final Judgment on Lea Percy McLaurin's Motion to Enforce and Scott Sutton McLaurin's Motion for Sanctions and Bad Faith Filing, signed April 8, 2014. |
| 2 | Fourth Amended Motion to Enforce Final Decree of Divorce and Agreement Incident to Divorce, filed March 27, 2013. |
| 3 | TEX. R. CIV. P. 13 |
| 4 | CIV. PRAC. & REM. CODE § 10.004 |

# APPENDIX 1

Final Judgment on Lea Percy McLaurin's Motion to Enforce and Scott Sutton McLaurin's Motion for Sanctions and Bad Faith Filing, signed April 8, 2014

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT OF |
| THE MARRIAGE OF | § | |
| | § | |
| LEA PERCY MCLAURIN | § | |
| AND | § | |
| SCOTT SUTTON MCLAURIN | § | HARRIS COUNTY, TEXAS |
| | § | |
| AND IN THE INTEREST OF | § | |
| CHRISTOPHER MCLAURIN, | § | |
| A MINOR CHILD | § | 309TH JUDICIAL DISTRICT |

## FINAL JUDGMENT ON LEA PERCY McLAURIN's MOTION TO ENFORCE and SCOTT SUTTON McLAURIN's MOTION FOR SANCTIONS AND BAD FAITH FILING

On September 10, 2013, this case was called to trial on its regular place on this Court's docket.

### 1. Appearances

LEA PERCY MCLAURIN, Petitioner/Counter-Respondent, appeared in person and by and through her attorney of record, Daniel J. Lemkuil, and announced ready for trial.

SCOTT SUTTON MCLAURIN, Respondent/Counter-Petitioner, appeared in person and by and through his attorney of record, Richard L. Flowers, Jr. and announced ready for trial.

### 2. Proceedings

LEA PERCY McLAURIN, Petitioner, proceeded to trial on her Fourth Amended Motion to Enforce Final Decree of Divorce and Agreement Incident to Divorce. SCOTT SUTTON McLAURIN timely filed an answer. SCOTT SUTTON McLAURIN proceeded to trial on his Second Amended Answer to LEA PERCY McLAURIN's Second Amended Motion to Enforce Final Decree of Divorce and Agreement Incident to Divorce, and Motion for Sanctions for Bad Faith Filing.

Trial began on September 10, 2013. Thereafter, the Court sitting without a jury conducted a trial of this matter on September 10, 11, 13, 16, and 20, 2013. All parties rested. The Court invited final argument. At the conclusion of final argument, the Court

FILED
Chris Daniel
District Clerk

APR 02 2014

Final Judgment on Lea Percy McLaurin's Motion to Enforce and
Scott Sutton McLaurin's Motion for Sanctions and Bad Faith Filing
*McLAURIN v. McLAURIN*
Page 1 of 5

EXHIBIT
"A"

took the matter under advisement. All matters of law and of fact were submitted to the Court.

On March 3, 2014, the Court issued its rendition in this matter by a written letter addressed to both attorneys of record for the parties. The Court's rendition has been incorporated into this Final Judgment.

### 3. *Jurisdiction and Venue*

The Court has jurisdiction over LEA PERCY McLAURIN's Motion to Enforce as well as SCOTT SUTTON McLAURIN's Motion for Sanctions and Bad Faith Filing as a result of prior proceedings. Venue is proper in Harris County.

### 4. *Record*

The record of testimony was duly reported by Delores Johnson, the official court reporter for the 309th Judicial District Court of Harris County, Texas.

### 5. *Enforcement*

The Court having considered the pleadings, evidence, and arguments of counsel finds that all relief requested in LEA PERCY McLAURIN's Fourth Amended Motion to Enforce Final Decree of Divorce and Agreement Incident to Divorce is DENIED. It is therefore,

ORDERED, ADJUDGED and DECREED that the relief requested by LEA PERCY McLAURIN in her Fourth Amended Motion to Enforce Final Decree of Divorce and Agreement Incident to Divorce is DENIED and that she shall have and recover nothing from SCOTT SUTTON McLAURIN.

### 6. *Motion for Sanctions*

The Court having considered the pleadings, evidence, and arguments of counsel finds that the allegations contained in LEA PERCY McLAURIN's Fourth Amended Motion to Enforce Final Decree of Divorce and Agreement Incident to Divorce are generally false, groundless and brought in bad faith. The lawyer filing these pleadings failed to make reasonable inquiry before filing said groundless and bad faith pleadings. Rule 13, Texas Rules of Civil Procedure. The Court makes the following findings in support of this Final Judgment for sanctions, to wit.

Certified Document Number: 60576152 - Page 2 of 5

Final Judgment on Lea Percy McLaurin's Motion to Enforce and
Scott Sutton McLaurin's Motion for Sanctions and Bad Faith Filing
*McLAURIN v. McLAURIN*
Page 2 of 5

27

LEA PERCY McLAURIN claimed that SCOTT SUTTON McLAURIN breached his contractual obligation by failing to sign a quitclaim deed conveying his interest in real property located in Payne County, Oklahoma to LEA PERCY McLAURIN. In fact, LEA PERCY McLAURIN has never presented a quitclaim deed to SCOTT SUTTON McLAURIN for his signature.

LEA PERCY McLAURIN claimed that SCOTT SUTTON McLAURIN had breached his contractual obligation by failing to surrender to LEA PERCY MCLAURIN her portion of the Lincoln Investments account ending in 0305. Prior to LEA PERCY MCLAURIN filing this suit, SCOTT SUTTON McLAURIN made numerous attempts to transfer LEA PERCY McLAURIN's portion of the account to her. LEA PERCY McLAURIN continually refused to supply SCOTT SUTTON McLAURIN, his financial advisor, Ross McLaurin, or her own financial advisor, Allen Weiner, with the information required to transfer her portion of the account. Finally, in November 2011, only after the unnecessary expenditure of attorney's fees, LEA PERCY McLAURIN provided the required information for transfer of her portion of the account, and the transfer was completed.

LEA PERCY McLAURIN claimed that SCOTT SUTTON McLAURIN breached his contractual obligation by failing to sign the documents necessary to transfer nine (9) savings bonds to LEA PERCY McLAURIN which are in the name of SCOTT SUTTON McLAURIN. On or about October 28, 2010, SCOTT SUTTON McLAURIN provided LEA PERCY McLAURIN, by and through her previous attorney, J.D. Bucky Allshouse, with an Assignment of Interests in said bonds. LEA PERCY McLAURIN refused to execute the Assignment.

LEA PERCY McLAURIN claimed that SCOTT SUTTON McLAURIN breached his contractual obligation by failing to surrender to LEA PERCY McLAURIN the diamond given to LEA PERCY McLAURIN by Patrick Brannan and the coins belonging to LEA PERCY McLAURIN or Christopher McLaurin. SCOTT SUTTON McLAURIN attempted to turn over the diamond and coins to LEA PERCY McLAURIN in exchange for the Rolex watch awarded to him, however prior to this suit, LEA PERCY McLAURIN refused to cooperate in exchanging the items.

Final Judgment on Lea Percy McLaurin's Motion to Enforce and
Scott Sutton McLaurin's Motion for Sanctions and Bad Faith Filing
*McLAURIN v. McLAURIN*
Page 3 of 5

28

Certified Document Number: 60576152 - Page 3 of 5

LEA PERCY McLAURIN claimed that SCOTT SUTTON McLAURIN had breached his contractual obligation by failing to surrender to LEA PERCY McLAURIN certain Christmas ornaments, Gibson plates, stuffed animals, family photographs, and videos. Although SCOTT SUTTON McLAURIN had made these items available to LEA PERCY McLAURIN prior to filing this lawsuit, LEA PERCY McLAURIN failed to pick up or otherwise take possession of the items. The parties' Agreement Incident to Divorce states that SCOTT SUTTON McLAURIN shall make the family photographs and videos available to LEA PERCY McLAURIN so that she could copy or duplicate them. As of her filing of the suit, LEA PERCY McLAURIN had not requested the photographs or videos for duplication.

The attorney who filed these pleadings failed to make the reasonable inquiry required prior to filing this suit. Further, after these facts were brought to the attention of the attorney during a meeting with the undersigned, he continued to refuse to dismiss this frivolous suit.

The Court having considered the pleadings, evidence and argument of counsel GRANTS the Motion for Sanctions for Bad Faith Filing filed by SCOTT SUTTON McLAURIN. It is therefore,

ORDERED, ADJUDGED and DECREED that SCOTT SUTTON McLAURIN is hereby granted a judgment against LEA PERCY McLAURIN as reimbursement for attorney's fees incurred and paid in this case in the amount of Fifty Two Thousand Three Hundred Seventy Eight and 88/100 Dollars ($52,378.88). It is further ORDERED that LEA PERCY McLAURIN shall pay to SCOTT SUTTON McLAURIN the judgment amount of $52,378.88 by cash, cashier's check or money order on or before June 12, 2014 at or before 3:00 p.m., by delivering cash, cashier's check or a money order in said amount payable to SCOTT SUTTON McLAURIN at the law offices of Flowers & Frankfort, attention Richard L. Flowers, Jr., 5020 Montrose Boulevard, Suite 700, Houston, Texas.

### 7. Relief Not Granted and Court Costs

It is ORDERED, ADJUDGED and DECREED that all relief requested by any party and not granted herein is DENIED. It is further ORDERED that court costs are assessed against LEA PERCY McLAURIN. This is a final judgment.

Final Judgment on Lea Percy McLaurin's Motion to Enforce and
Scott Sutton McLaurin's Motion for Sanctions and Bad Faith Filing
McLAURIN v. McLAURIN
Page 4 of 5

Certified Document Number: 60576152 - Page 4 of 5

**8. Date of Judgment**

Judicially RENDERED on March 3, 2014, in correspondence to counsel of record and further noted in the Court's file, but signed on _____ 4/8 _____, 2014.

_____
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

FLOWERS & FRANKFORT,
ATTORNEYS AT LAW

By: _____
RICHARD L. FLOWERS, JR.
State Bar number 07180500
KRISTEN MARIE MILLER
State Bar number 24064323
5020 Montrose, Suite 700
Houston, Texas 77006
Telephone (713) 654-1415
Facsimile (713) 654-9898
Service: service@rflowerslaw.com

ATTORNEYS FOR SCOTT SUTTON MCLAURIN

APPROVED AS TO FORM ONLY:

THE LAW OFFICE OF DANIEL J. LEMKUIL

By: _____
DANIEL J. LEMKUIL
State bar number 00789448
1314 Texas Avenue, Suite 1515
Houston, Texas 77002
Telephone (713) 993-9100
Facsimile (713) 225-0099

ATTORNEY FOR LEA PERCY MCLAURIN

Final Judgment on Lea Percy McLaurin's Motion to Enforce and
Scott Sutton McLaurin's Motion for Sanctions and Bad Faith Filing
*McLAURIN v. McLAURIN*
Page 5 of 5

Certified Document Number: 60576152 - Page 5 of 5

30



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 1, 2014

Certified Document Number:        60576152 Total Pages: 5



Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

31

# APPENDIX 2

Fourth Amended Motion to Enforce Final Decree of Divorce and Agreement Incident to Divorce, filed March 27, 2013

NO. <u>2009-06775</u>

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| LEA PERCY MCLAURIN | § | |
| AND | § | 312TH JUDICIAL DISTRICT |
| SCOTT SUTTON MCLAURIN | § | |
| | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| CHRISTOPHER MCLAURIN, | § | |
| A CHILD | § | HARRIS COUNTY, TEXAS |

## FOURTH AMENDED MOTION TO ENFORCE FINAL DECREE OF DIVORCE AND AGREEMENT INCIDENT TO DIVORCE

This Fourth Amended Motion to Enforce Final Decree of Divorce and Agreement Incident to Divorce, intended to amend the third amended such motion and is filed by Lea Percy McLaurin, Movant, who shows in support:

1. Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

2. This court has continuing, exclusive jurisdiction of this case.

3. Scott Sutton McLaurin, Respondent, may be served by and through his attorney of record, Richard L. Flowers, Jr., 5020 Montrose, Suite 700, Houston, TX 77006; VIA Fax 713-654-9898, in compliance with Rule 21, Texas Rules of Civil Procedure.

4. On September 3, 2010, this court signed an order entitled Final Decree of Divorce appearing of record at image number 46280239 of the minutes of this court, which adopts and incorporates an Agreement Incident to Divorce executed on September 3, 2010.

5. The diamond described on page 6 of the agreement and expressly awarded to Lea Percy McLaurin under W-3 " ... including but not limited to the diamond given to wife by husband in



EXHIBIT

1

COPY

his possession and furs in storage ...", last seen in the safe deposit box located at Chase, Medical Center, 6560 Fannin, Houston, Texas 77030, has been returned as identified in the correspondence accompanying the transfer of the diamond from Scott Sutton McLaurin's attorney is attached hereto as Exhibit A, and incorporated hearing for identification purposes. The returned diamond is not the Patrick Brannan diamond.

On page 5, the agreement provides that Scott Sutton McLaurin was awarded:

"H-13. OTHER ASSETS TO HUSBAND

    a.    The safe deposit box located at Chase, Medical Center, 6560 Fannin, Houston, Texas 77030, together with all prepaid fees, contents, and keys, except the actual diamond given to LEA PERCY MCLAURIN by Patrick Brannan, and any coins belonging to LEA PERCY MCLAURIN or CHRISTOPHER SCOTT MCLAURIN."

Lea Percy McLaurin would further describe the missing diamond (be it the Patrick Brannan diamond or the above described and unnamed diamond) as: Round brilliant cut, approximately two carats in weight, measuring LxWxD: 8.4 - 8.5 - 4.8 mm., Clarity I1, and Color I. The value of the diamond is approximately $10,000 to $15,000.

Alternatively, the diamond that has not been surrendered is the mine cut diamond also described in Exhibit A.

A diamond belonging to Movant as described above remains in Scott Sutton McLaurin's possession and control despite repeated demands for its return. He has converted it to his own use. If the diamond has become lost or stolen, demand is hereby made for judgment in an amount sufficient to compensate Lea Percy McLaurin for the loss of the diamond. Additionally, since the unlawful retention of the diamond has been knowing and intentional and with such malice as necessary to support punitive damages, punitive damages should be awarded Lea Percy McLaurin.

6.    On page 8, the agreement provides that Lea Percy McLaurin was awarded:

2

"W-11. Fifty percent (50%) net of taxes of ANY bonuses or reimbursements received by Husband through April 30, 2010."

Scott Sutton McLaurin has breached his contractual obligations by failing to surrender to Lea Percy McLaurin 50% net of taxes of any bonuses or reimbursements received by Scott Sutton McLaurin through April 30, 2010. Scott Sutton McLaurin continues to hold the funds in trust and as a fiduciary for Lea Percy McLaurin. In violation of his duty as a trustee, he has failed to convey the funds or otherwise invest the funds in an interest bearing account or otherwise minimize the loss of interest income. Further, Scott Sutton McLaurin has failed to perform his duties as a trustee in maximizing the proceeds for distribution to Lea Percy McLaurin.

Scott Sutton McLaurin should be ordered to provide an accounting of the bonus accounts and distributions, including reimbursements, expenses, draws, and other considerations giving rise to the bonuses and reimbursements available for distribution. Scott Sutton McLaurin should be required to pay not only the 50% of any bonuses and reimbursements he received, but 50% of any bonuses and reimbursements he should have received.

The bonuses and reimbursements referenced in the agreement incident to divorce, include all bonuses and reimbursements earned or received (net of taxes only) from February 1, 2009 through April 30, 2010 in an amount not less than $8,526.31 nor more than $75,310.89 prior to interest on the IMed pay, together with the other bonuses and reimbursement claims as expressed below for an additional pre-interest claim of: $31,618.95.

The additional claims are further expressed as: $2,788.43; $557.50; $24; $2,124.72; $43.10; $45.20; $1,279.50; $655.00; $2,086.00; $4,175.00; $449.50; $456.50; $223.00; $15,081.00; $1,630.50, as more fully described in Exhibit 10, attached hereto with its sub parts.

3

7.    Conversion:

Scott Sutton McLaurin has intentionally retained the possession of property awarded to Lea Percy McLaurin despite her lawful demands for the property. As such, Scott Sutton McLaurin is guilty of conversion. He continues to hold the property for the purpose of defrauding Lea Percy McLaurin and attempting to permanently deprive her of her use of the property. Such acts are intentional and knowing and of such a nature that punitive damages should be awarded to Lea Percy McLaurin. The value of the goods should be awarded as a judgment or the property ordered returned.

8.    Movant requests that, if the court finds that any part of the order sought to be enforced is not specific enough to be enforced by contempt, the court enter a clarifying order more clearly specifying the duties imposed on Respondent and giving Respondent a reasonable time within which to comply.

9.    It was necessary to secure the services of Daniel J. Lemkuil, a licensed attorney, to enforce and protect Movant's rights. Respondent should be ordered to pay reasonable attorney's fees, expenses, and costs, and a judgment should be rendered in favor of the attorney and against Respondent and be ordered paid directly to the undersigned attorney, who may enforce the judgment in the attorney's own name.

Movant prays that the specific relief requested above be granted, the property be ordered surrendered to Lea Percy McLaren at a date, location, and time certain, a money judgment be awarded for those monetary claims expressed above, reasonable and necessary attorney's fee be awarded and that the court award pre and post judgment interest at the maximum legal rate. Movant prays for such further and other relief as she may show herself entitled at law or in equity.

4

Respectfully submitted,

The Law Office of Daniel J. Lemkuil
1314 Texas Avenue, Suite 1515
Houston, Texas 77002
Tel: (713) 993-9100
Fax: (713) 225-0099

By:_____
Daniel J. Lemkuil
State Bar No. 00789448
Attorney for Lea Percy McLaurin

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing was served on each attorney of record on March 27, 2013.

_____
Daniel Lemkuil

5

## LAW OFFICE OF RICHARD L. FLOWERS, JR.
### 5020 Montrose, Suite 700
### Houston, Texas 77006
### Telephone (713) 654-1415
### Facsimile (713) 654-9898

November 7, 2012

Mr. Daniel J. Lemkuil     (Via Hand Delivery, signed receipt required)
The Law Office of Daniel J. Lemkuil
1314 Texas Avenue, Suite 1515
Houston, Texas 77002

Re:   No. 2009-06775; Lea Percy McLaurin v. Scott Sutton McLaurin; In the 309th Judicial District Court of Harris County, Texas

Dear Mr. Lemkuil:

This letter is being sent to your office via courier, signed receipt required. My office called yours prior to delivery to confirm someone would accept and sign for it.

Accompanying this letter please find the following:

1. Old mine-cut diamond;
2. Original diamond appraisal;
3. Defaced copies of executed documents necessary to transfer Lea's share of the Lincoln account; and,
4. Copies of the May 25, 2012 settlement proposal I sent to you and your June 28, 2012 response.

I am pleased to report that after further search, Scott has found another diamond. This newly discovered diamond is enclosed and is the diamond described in the parties' Agreement Incident to Divorce. It is this diamond that I am delivering to you.

The second diamond is for the stone from the engagement ring Scott gave Lea. She has the ring itself.

I'm sending copies of the transfer documents for Lea's share of the Lincoln account. We've marked them "copies". I am authorized to exchange the originals for signed mutual notices of non-suit and a mutual release signed by Lea.

I am new to this case and trying to come up to speed. I've reviewed the case file and the most recent communications concerning settlement. (It's attached.) I want to be sure we are on the same page.



**EXHIBIT**

A

I understand that Scott is willing to drop his financial claims, including those for attorney's fees. This letter was sent with Leah's diamond.

If I am correct, the only outstanding issues are the transfer of Leah's share of the Lincoln account and the resolution of Leah's $98,000 damage claim. What's Leah's damage theory? Rick said he's asked for your calculations several times without success. If you have a damage theory would you please share it with me?

I've also been told that Leah will settle this case if Scott contractually obligates himself for Christopher's college expenses. I've been told that is unacceptable.

Finally, I am authorized to say that Scott will transfer the Lincoln account if Leah drops any claims against him. We'll draft a mutual release and this matter will be over. I hope that you and I can bring this matter to final resolution. I look forward to your response.

Very truly yours,

Jennie R. Smith

Enclosures

cc: Scott S. McLaurin, M.D.
Richard L. Flowers, Jr.

# APPRAISAL

## Zadok
JEWELERS

1749 Post Oak Blvd - Houston, TX 77056
Tel: 713.960.8950

DATE June 18, 2012

TO WHOM IT MAY CONCERN:

This is to Certify THAT WE ARE ENGAGED IN THE JEWELRY BUSINESS, Appraising Diamonds, Watches, Jewelry and Precious Stones of all descriptions and have been so engaged in said business for many years. We herewith certify that we have this day carefully examined the following listed and described articles the property of:

M r. Scott McLaurin

ADDRESS 3820 Rice Boulevard, Houston, TX 77005

We estimate the value as listed for Insurance or other purpose at the current retail value, excluding Federal and other taxes. In making this Appraisal, we do NOT agree to Purchase or replace the articles.

| DESCRIPTION | APPRAISED VALUE |
| --- | --- |
| One Old-Mine-cut diamond weighing 1.24 carats with approximate color J-K and approximate clarity SI1. Diamond is slightly "out of round". | $4,000.00 |

The forgoing Appraisal is made and accepted upon the express understanding that NO Liability or Responsibility is incurred by the Appraiser giving same.

SIGNED _Segev Zadok_ G. G.

PRINTED NAME  **Segev Zadok**

GIA Graduate Gemologist

# APPENDIX 3

TEX. R. CIV. P. 13

---

> Vernon's Texas Rules Annotated
>  Texas Rules of Civil Procedure
>   Part I. General Rules (Refs & Annos)

TX Rules of Civil Procedure, Rule 13

Rule 13. Effect of Signing of Pleadings, Motions and Other Papers; Sanctions

Currentness

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. Attorneys or parties who shall bring a fictitious suit as an experiment to get an opinion of the court, or who shall file any fictitious pleading in a cause for such a purpose, or shall make statements in pleading which they know to be groundless and false, for the purpose of securing a delay of the trial of the cause, shall be held guilty of a contempt. If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215,[1] upon the person who signed it, a represented party, or both.

Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order. "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. A general denial does not constitute a violation of this rule. The amount requested for damages does not constitute a violation of this rule.

**Credits**

Oct. 29, 1940, eff. Sept. 1, 1941. Amended by orders of July 15, 1987, eff. Jan. 1, 1988; April 24, 1990, eff. Sept. 1, 1990.

**Editors' Notes**

**COMMENT--1990**

To require notice and hearing before a court determines to impose sanctions, to specify that any sanction imposed be appropriate, and to eliminate the 90-day "grace" period provided in the former version of the rule.

Notes of Decisions (585)

Footnotes

1          Probably Vernon's Ann.Rules Civ.Proc., rule 215.2(b).

Vernon's Ann. Texas Rules Civ. Proc., Rule 13, TX R RCP Rule 13

Current with amendments received through August 15, 2014

---

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

---

# APPENDIX 4

CIV. PRAC. & REM. CODE § 10.004

Vernon's Texas Statutes and Codes Annotated
    Civil Practice and Remedies Code (Refs & Annos)
        Title 2. Trial, Judgment, and Appeal
            Subtitle A. General Provisions
                Chapter 10. Sanctions for Frivolous Pleadings and Motions (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 10.004

§ 10.004. Violation; Sanction

Currentness

(a) A court that determines that a person has signed a pleading or motion in violation of Section 10.001 may impose a sanction on the person, a party represented by the person, or both.

(b) The sanction must be limited to what is sufficient to deter repetition of the conduct or comparable conduct by others similarly situated.

(c) A sanction may include any of the following:

  (1) a directive to the violator to perform, or refrain from performing, an act;

  (2) an order to pay a penalty into court; and

  (3) an order to pay to the other party the amount of the reasonable expenses incurred by the other party because of the filing of the pleading or motion, including reasonable attorney's fees.

(d) The court may not award monetary sanctions against a represented party for a violation of Section 10.001(2).

(e) The court may not award monetary sanctions on its own initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party or the party's attorney who is to be sanctioned.

(f) The filing of a general denial under Rule 92, Texas Rules of Civil Procedure, shall not be deemed a violation of this chapter.

**Credits**
Added by Acts 1995, 74th Leg., ch. 137, § 1, eff. Sept. 1, 1995.

Notes of Decisions (74)

V. T. C. A., Civil Practice & Remedies Code § 10.004, TX CIV PRAC & REM § 10.004

 © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

**End of Document**                                                            © 2015 Thomson Reuters. No claim to original U.S. Government Works.